KIMBALL and others *vs.* BROWN.

*One item* of an account within six years before suit brought will not draw af-
the it items beyond six years, so as to protect them from the operation of
the *statute of limitations,* unless there have been *mutual accounts* and *recip-
rocal demands* between the parties.

THIS was an action of assumpsit, tried at the Jefferson cir-
cuit in June, 1829, before the Hon. NATHAN WILLIAMS, one
of the circuit judges.

The plaintiffs' demand consisted of an *account* of *eight items*
for 9 barrels of beer, sold to the defendant at various times be-
tween the 31st May, 1819, and 10th December, 1822, of which
last date the charge was for one barrel of beer, $6 ; the charge
immediately preceding the last was in April, 1821. The ac-
count was duly proved. The suit was commenced in October
term, 1828, and the defendant having pleaded the *statute of
limitations,* insisted that as no *mutual dealings* had been shewn,
the plaintiffs were entitled to recover *only* $6, the amount of the
last charge. Under the direction of the judge, a verdict was
taken for $71, the whole amount of the account subject to the
opinion of this court.

*J. Steele,* for plaintiff.

*W. D. Ford,* for defendant.

*By the Court,* SAVAGE, Ch. J. The only question is wheth-
er the plaintiff is entitled to recover for the whole account, or
only for the last barrel of beer. I have found but few cases on
this point, and will briefly state the substance of them. The
case of *Cotes* v. *Harris,* which is found only in Bull. N. P.
149, was an action of assumpsit against executors ; they
pleaded *non-assumpsit infra sex annos,* to which the plaintiff
replied a promise within six years before the commencement of
the suit. On the trial, it appeared that all the items of the
plaintiffs' account, except one, were above six years stand-
ing at the commencement of the suit. It was insisted for

the plaintiff that the last item being within six years, and the account being an account current, unliquidated, should draw the former items out of the statute. But Denison, justice, held that the clause in the statute was applicable only where there were *mutual accounts* and *reciprocal demands;* but if there were only a demand by A. against B. in the common way of business, as by a tradesman on his customer, that cannot be called merchants' accounts, and decided that the statute was a bar to all the accounts above six years' standing. The case of *Catling and another* v. *Skoulding,* 6 T. R. 189, was assumpsit for use and occupation; the plaintiff's account was for nine years' rent. The defendants were dealers in liquors and tallow chandlers, and had a running account against the plaintiff's testator. Only the last half year's arrear of rent, and one or two of the last articles of the defendant's bill, were within six years before the commencement of the suit. On the whole account there was a balance in favor of the plaintiff of £171 ; but if no items were allowed but those within six years before suit brought, then the balance would be in favor of the defendants. A verdict was taken for the plaintiffs for the whole amount, with leave to the defendant to move to set it aside and enter a nonsuit. The court were of opinion that the plaintiffs were not barred ; Lord Kenyon said, that where there is no item of account at all within six years before the action brought, the plaintiff will be precluded, unless he can bring his case within the exception in the statute ; but the present case was not one of that kind. It could not be doubted, he said, that an acknowledgment within six years will take the case out of the statute ; and he considered it clearly settled, that every new item and credit in an account given by one party to the other was an admission of there being an unsettled account between them to be afterwards ascertained. He considered the decision in *Cotes* v. *Harris* sound, having originally taken a note of that case, and furnished it to Mr. Justice Buller for publication. The substance of these two cases is extracted by Gwillim, the learned editor of Bacon's Abridgement, 4 Bacon, 478, thus: "But though the exception in the statute is so far limited to transactions merely between merchant and merchant, that where

there is no item of account at all within six years before ac-
tion brought, the plaintiff will be precluded, unless he can
shew that the accounts were between merchant and mer-
chant, &c.; yet a mutual account of any sort between a
plaintiff and defendant, though neither of them of the descrip-
tion of merchant, for any item of which credit has been given
within six years, is evidence of a promise to pay the balance,
and will take the case out of the statute of limitations; but
where all the items of an open unliquidated account *are on
one side*, the last item which happens to be within six years
shall not draw after it those that are of longer standing."
Such is also the result of the observations of Sergeant Wil-
liams. 2 Saund. 127, n. 6, 7.

In our own court very little has been adjudicated relating
to this question. In *Ramchander* v. *Hammond*, 2 Johns. R.
200, it was decided that the English adjudications are appli-
cable to our statute, the only difference being that one statute
substitutes the word *actions*, which concern the trade of mer-
chandise, &c. for the word *accounts*, concerning the trade of
merchandise, &c. which is the phraseology of the statute of
James I.; and it was held that these words were confined to
actions on open or current accounts, and not to accounts stat-
ed and liquidated by bills or notes. Chancellor Kent has ela-
borately discussed the question now under consideration, and
has collected and commented on nearly all the cases to be
enforced at law and in equity. 5 Johns. Ch. R. 524. The
question involved in this case he thinks settled, that to bring
the case within the statute there must be *mutual accounts* and
*reciprocal demands*. The chancellor examines the cases as to
a branch of this question, not important in this case, viz.
whether the statute applies to accounts between *merchants*
where there has been no dealing within six years; that ques-
tion he considers unsettled even at this day in England and
here; it is only settled, he says, that if part of an open cur-
rent account be within six years, that part draws after it
the articles beyond six years, so as to protect them from the
statute. The same rule prevails in Massachusetts. 2 Mass.
R. 217.

The counsel for the plaintiff seems to think that a recent
decision of this court has established a new doctrine on this
point, that when several items of an account on one side
only, where there has been no mutual dealing, are within six
years, then the whole is taken out of the statute. *Tucker* v.
*Ives*, 6 Cowen, 195. The case of *Tucker* v. *Ives* is not stated
at all by the reporter; no facts are given, except in the opin-
ion of the court, but enough is there found to shew that it
was decided as a case of *mutual accounts*. In the plaintiff's
account there was indeed but one item, but it was no less an
account for that reason. So, in the case of *Catling* v. *Skould-
ing*, the plaintiff's demand was for rent, use and occupation,
but it did not therefore lose its character as an account. In
*Tucker* v. *Ives* the plaintiff's demand was for money received
by the defendant for the plaintiff's use, but it was an account
within the meaning of the decisions; there had been *mutual
dealings*, and in such case, had there been but one item of the
account within six years, the whole account would have been
taken out of the statute, according to the cases above referred
to; but that case does not help the plaintiff in this cause.
Here but one item of his account is within six years, and
there has been no *mutual dealing;* the plaintiff, therefore,
can recover only for the last item of his account. The case
is subject to the opinion of the court. Judgment must be en-
tered for the plaintiff for $6, unless he elect to have a new
trial on payment of costs, to prove a promise within six years,
if he can.