### CHAMBERLIN vs. CUYLER.

Where, from the commencement to the termination of an account, charges have been made at least as often as once in six years, and the last item is within six years anterior to the commencement of a suit, the whole of the account is to be allowed, notwithstanding that the *statute of limitations* is interposed as a bar. Accordingly where a defendant was sued in 1829 on a demand accruing in 1826, and he proved an account against the plaintiff by way of set off, consisting of items accruing, some in 1826, others in 1822, and others in 1818, *it was held*, that the items accruing in 1826 drew after them the previous charges, and saved them from the operation of the statute.

The fact that the transaction to which the charges relate, are of separate and distinct natures, does not affect the principle.

STATUTE OF LIMITATIONS. This cause came before the court on a report of referees. The action was commenced in 1829. The plaintiff proved an account against the defendant, to the amount of $63,24, which accrued in the years 1826 and 1827. The defendant under a notice of set off, proved an account against the plaintiff for services rendered by him as a *constable,* at the request of the plaintiff, in the years 1821 and 1822, amounting to $6; also an account amounting to $88,49, due to him as a *merchant,* for goods, wares and merchandise, sold to the plaintiff at at various times, between June 1818 and November 1819, at which last date the defendant closed his mercantile business; and also an account for *lottery tickets,* sold to the

plaintiff in 1826. The plaintiff objected to the allowance of the demands of the defendant accruing previous to 1826, insisting that they were barred by the *statute of limitations.* The referees made a special report in the nature of a *special verdict,* setting forth the above facts, and that their report would be either in favor of the plaintiff to a certain amount, or of the defendant to a certain amount, as the court should advise.

*M. T. Reynolds,* for the plaintiff. The charge for lottery tickets in 1826 will not draw after it the previous charges in 1818 and 1821, so as to take them out of the operation of the statute of limitations. To give such effect to a recent item, the account must be an open running account. Here the account for merchandise sold, was closed in 1819, and no further dealings were had between the parties until 1821, when the defendant rendered services for the plaintiff as a *constable,* which services can hardly be considered as the proper items of an open running account; there being no connection between the sale of merchandise and the rendering of services as a constable. Then again from 1821, there is no charge until 1826, when the plaintiff is debited with lottery tickets sold to him by the defendant. The transactions are all separate and distinct, and although presented in the form of an account, cannot be considered as an open running account. The counsel cited 6 *T. R.* 189, 5 *Johns. Ch. R.* 531, *Peake's N. P.* 121.

*D. Cady,* for the defendant. Where any of the items of an account are within six years, the whole of the account is taken out of the statute of limitations, unless more than six years have elapsed between the items. 6 *T. R.* 189. 6 *Cowen,* 193. 2 *Halsted's R.* 360. 2 *Mass. R.* 221, 222, 223. The want of connection between the charges as relating to separate and distinct matters, is no objection to the application of this principle of law, as was held in *Catling* v. *Skoulding,* 6 *T. R.* 189, where the demand of the plaintiffs was for nine and a half years *rent,* and £20 *cash, on account.*

*NEW-YORK, May, 1832.*

Chamberlin
v.
Cuyler.

*Reynolds*, in reply. The case of *Catling* v. *Skoulding*, was an open running and mutual account; on the part of the plaintiff there were items for rent accruing, and money paid on account of necessaries furnished by the defendants; and on the other hand, there was an open unsettled account against the testator of the plaintiffs from the commencement of the defendant's lease until the time of the decease of the testator. It was therefore correctly held in that case that the statute did not attach; but the same reasons do not apply here.

*By the Court*, SUTHERLAND, J. I am inclined to the opinion, upon reflection, that upon authority, the whole of the defendant's account was taken out of the operation of the statute of limitations. The question is, whether the *item* for lottery tickets sold in 1826, being within six years, takes the other charges out of the statute. I consider this a case of mutual accounts, and the only doubt is whether the last item of the defendant's account is so connected with the others as to constitute an open running account. The cases referred to throw no light on the point; there is no allusion to any of them to the time which had elapsed between the respective charges. Perhaps the true rule is, that if there is a lapse of six years between the items, it shall cease as to such charges to be considered an open account; but where, from the commencement to the termination of the account, charges have been made at least as often as once in six years; and the last item is within six years anterior to the commencement of the suit, the whole account is to be allowed. Such is this case; there is no *hiatus* of six years in the defendant's account, and the last item was not three years before this suit was commenced. The general doctrine upon this subject was fully considered by this court in *Kimball* v. *Brown*, 7 *Wendell*, 322, where all the cases referred to upon this argument and several others were reviewed by the *chief justice*. That case, however, only decides that the exception in the statute is confined to *mutual accounts*. The defendant is entitled to judgment for the amount certified by the referees as due to him in case the court should be of opinion that the items of his demands objected to ought to be allowed.