EDMONDSTONE *vs.* THOMSON.

The payment of a running account down to a particular period, and the taking of a receipt for such payment, is not such a transaction as will bring a case within the exception of the *statute of limitations* as to *mutual accounts*, so that an *item* within six years will draw after it items beyond six years, extinguished by such payment.

The case of *Chamberlin* v. *Cuyler*, 9 *Wendell*, 126, declared to have been decided solely upon the principle of the *mutuality of accounts*.

Where a defendant is proceeded against by *declaration* under the statute, instead of *capias*, the suit is not considered as commenced until the defendant is *personally* served with the declaration; the filing of it, entry of the rule to plead, and efforts to serve it, will not suffice to save the statute.

STATUTE of limitations. The suit in this case was brought for services rendered, for board of workmen in defendant's employment, for cattle and farming utensils sold and delivered, and for monies paid in the business of the defendant. The first item in the bill of particulars was under date of 8th March, 1826; then followed a number of items, some under date of 1st April,1826,and others of 29thMarch,1827; next *five items* of the date of 1st April, 1827; and *two,* being the last items, of the date of the 17th and 18th April, 1827, the whole amounting to the sum of $467,78. The cause was heard by *referees,* and after the plaintiff rested, the defendant produced accounts of the plaintiff against him, for cattle and farming utensils, under date of 28th and 29th March,1827, embracing all the items in the bill of particulars previous to 1st April, 1827,with the defendant's *receipts of payment* attached thereto, The defendant insisted upon the *statute of limitations* as a bar to the action, having pleaded the statute with the general issue. The suit was commenced by the filing and service of a declaration; the declaration was filed and rule to plead entered 14th March, 1833; unsuccessful attempts were repeatedly made, previous to the 1st *April,* to serve the declaration on the defendant, and a copy was left with his servant on 16th or 17th *March,* but a *personal service* was not made until 6th *April.* The referees, after making deductions from the amounts charged, allowed the *seven last items* in the bill of

particulars at $180,75, to which they added six years *inter-* est, and reported in favor of the plaintiff for $266,57. The defendant moved to set aside the report.

*J. I. Roosevelt, jun.,* for defendant.

*S. Sherwood,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The only questions to be decided are : 1. Whether all the *items* allowed in the plaintiff's account, except the two last, are not barred by lapse of time, and 2. Whether *interest* was properly allowed.

By the revised statutes an action may be commenced against individuals either by *capias ad respondendum,* or by filing in the office of the clerk of the court a declaration, entering a rule to plead, and serving a copy of such declaration and notice of such rule *personally* on the defendant. Nothing can be more plain than that the suit is not commenced until the declaration is *personally* served on the defendant; that is, handed to him or tendered to him, or perhaps to some other person in his presence and by his direction. It has been frequently decided by this court that the declaration under this mode of proceeding is a substitute for process. The service of a declaration on a servant is of no more effect than a similar service of a capias. More than six years had elapsed, therefore, as to all the plaintiff's account, with the exception of two items charged as of the 17th and 18th of April, 1827 ; the suit not having been commenced until the 6th of April, 1833.

It is contended, however, by the plaintiff's counsel, that the demand is not barred for two reasons: 1. Because the plaintiff's demands are in a running open account, continuing down to the 17th and 18th April, 1827 ; 2. Because the parties' demands are *mutual accounts.* If we are to consider our own decisions as of any authority, it would be improper to re-argue this matter. This case cannot be distinguished from *Kimball* v. *Brown,*7 *Wendell,*322. In that case the plaintiff's account consisted of eight items extending from May, 1819, to Dec. 1822, the last of which only was within the six years. Here the plaintiff's account, which was unsettled, consisted of seven

UTICA,
July, 1836

Edmondstone
v.
Thomson.

items, two of which are within six years. In that case there were no mutual dealings nor reciprocal demands; neither were there in this case. If therefore one case can be authority for another, the case of *Kimball* v. *Brown*, must govern this. The plaintiff there was entitled to recover the only item of his account which was within six years; so the plaintiff here is entitled to recover the two items in his account which are within six years. He produced an account embracing many items anterior to April 1, 1827, but the defendant produced *receipts* in full for all the items down to that date. The plaintiff's account is an open running account only from the 1st to the 18th of April, inclusive. The defendant did not prove any account. There were therefore no *mutual accounts* between the parties. A payment proved by a receipt is no more evidence of an account, than it is of a set-off. Accounts are mutual where each party makes charges against the other in his books, for property sold, services rendered, or money advanced,&c. as for rent due, as in the case of *Catling* v. *Skoulding*, 6 *T. R.* 189, which furnishes an example of mutual accounts: the plaintiff's account was for nine years rent, and the defendants' account was for articles in their business as dealers in liquors, and tallow chandlers. The recent case of *Chamberlin* v. *Cuyler*, 9 *Wend.* 126, furnishes another. The *items* of the plaintiff's account do not appear in the report of that case. Those of the defendant are stated, and the whole account was allowed solely upon the principle of the *mutuality of the accounts* between the parties. This is not such a case. The referees erred in alowing interest upon an unliquidated account; the items for money paid bear interest, but not the others. The report must be set aside, costs to abide the event, unless the plaintiff elects in 30 days to take report for the two last items of his account with interest upon them. In that event, motion denied; otherwise granted.