Retan
v.
Drew.

RETAN *vs.* DREW.

A tender of money in satisfaction of a debt, made after the filing of a declara-
tion and entry of a rule to plead is no defence, unless the costs then ac-
crued are offered to be paid, although at the time of the tender a copy of the
declaration has not been served.

DEMURRER to replication. The declaration was in as-
sumpsit. The defendant pleaded *non-assumpsit* as to the
several sums mentioned in the declaration, *except* as to the
sum of $52,50, and as to that sum a *tender* made *before the
commencement of the suit,* to wit, on the *fourth* day of No-
vember, 1835. The plaintiff *replied* that before the tender,
to wit, on the *third* day of November, he filed a declaration
in the clerk's office of this court at Geneva, and entered a
rule to plead, and on the *fifth* day of November caused a
copy of the declaration and a notice of the rule to plead to
be served on the defendant; and that the defendant did not
before the filing of the declaration and entry of the rule to
plead tender the said sum of $52,50, concluding with a ver-
ification and prayer of judgment. To which replication the
defendant demurred.

*J. A. Spencer,* for defendant.

*S. Stevens,* for plaintiff.

*By the Court,* BRONSON, J. Although the action was not,
for every purpose, commenced until a copy of the declaration
was served on the defendant, 2 R. S. 347, § 1, 15 Wen-
dell, 554, yet the plaintiff had before the *tender* employed
an attorney to bring the suit, a declaration had been pre-
pared and filed and a rule entered to plead ; and the plaintiff
was proceeding with all diligence to serve the defendant
with a copy of the declaration and notice of the rule. The
plaintiff had incurred costs which the defendant was liable
to pay, and the tender was not sufficient without an offer to
pay the costs also. A different rule would work great in-

justice. See 3 Johns. Cas. 145 ; 2 Johns. R. 342 ; 17 Wen- NEW-YORK,
dell, 91.  May, 1838.

The pleader, so far as the nature of the case would permit, Williams
has followed the approval precedent of a replication where the v.
tender was made after the suing out of process for the com- Hill.
mencement of an action, 2 Chitty's Pl. 646.

Judgment for plaintiff.