By the Court, Bronson, J.
The right to set off exists where the demand belonged to the defendant at the time of the commencement of the suit. (2 R. S. 354, § 18.) A suit may be commenced by filing a declaration in the proper office, entering a rule to plead, and serving a copy of the declaration and nonce of the rule personally on the defendant. (Id. p. 347, § 1.) All of these things must be done before the suit is commenced. (Edmondstone v. Thomson, 15 Wend. 554.) The rule to plead is no longer necessary; (Stat. 1840, p. 333, § 14;) but it was required at the time this suit was brought. The remark which fell from me in Hanmer v. Wilsey, (17 Wend. 91,) that “ the suit Avas actually commenced,” although the declaration had not been served, was qualified by what immediately followed, and was not material to the decision of the cause, as was remarked on that occasion. It is said that the decision in Edmondstone v. Thomson turned on the wording of the statute of limitations; (2 R. S. 299, § 38;) but that is a mistake. The decision was put upon the broad ground that the suit was not commenced until the declaration had been actually served on the defendant. The case of Carpenter v. Butterfield, (3 John. Cas. 145,) only decides that where the plaintiff proceeds by capias, the suit is commenced when the writ is delivered to the proper officer. But that is no longer the general rule. Service, *12 as well as the issuing of the capias, is now necessary to the commencement of a suit, (2 R. S. 347, § 1,) except where the question is upon the statute of limitations. (Id. 299, § 38.)
After the plaintiff has retained an attorney, who has filed a declaration, and is proceeding with diligence to have it served, a tender of the debt only will not be sufficient. The defendant must also pay such costs as havemccrued. (Retan v. Drew, 19 Wend. 304.) I doubt not that we should have held the same if the plaintiff had done no more than to retain the attorney. But a tender before suit commenced, (see -2 R. S. 553, § 20 to 23,) has not been regulated by statute. The legislature has given the rule for the case in hand, and it must be followed.
Judgment reversed.