# SMITH vs. ANDERS.

1. A plea of tender is fatally defective on demurrer, when it shows on its face that the sum tendered was less than the amount due.

2. When a tender is made after suit brought, it must be of the sum due, with interest thereon, and costs of suit; and this must be averred in the plea.

3 When land is sold under mortgage or deed of trust, the mortgagor's right to redeem within two years, under the statute, is a mere equitable right, which can only be enforced against an unwilling purchaser in a court of equity; the mere tender of the amount required by law does not re-invest him with the legal title.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

TRESPASS TO TRY TITLES to certain lands described in the declaration by Ezekiel Anders v. James P. Smith. The writ appears to have been issued on the 17th of May, 1850.

The declaration is in the usual form. The defendant pleaded, first, not guilty; and secondly, as follows: " And for further plea the defendant saith, the plaintiff ought not further to maintain his suit; because, he says, that the said lands, in

the plaintiff's declaration mentioned, were sold under and by virtue of a deed of trust, executed by this defendant, on the 29th day of October, 1849, to secure to one John Kirby, administrator of James Hudson, deceased, the payment of a certain sum of money therein mentioned, and purchased by the plaintiff on the     day of     , for the sum of $100; and that afterwards, to-wit: on the 25th day of October, 1850, the said defendant tendered to, and offered to pay said plaintiff, the said sum of $100, the purchase money of said lands, together with ten per cent. thereon, pursuant to the statute in such cases made and provided, and demanded a re-conveyance of said land; which money the said plaintiff then and there refused to receive, and to re-convey said lands; which said sum of money, to-wit: the sum of $105, the said defendant now brings into court; all which he is ready to verify," &c.

The plaintiff demurred to this plea, and his demurrer was sustained by the court. The judgment of the court on the demurrer is now assigned for error.

ORMOND & NICOLSON, for plaintiff in error.

P. & J. L. MARTIN, contra.

LIGON, J.—As a plea of tender, the one found in this record is bad for several reasons. First, because, on its face it shows that the sum tendered is less than the plaintiff below had a right to demand, and the defendant was bound to pay, before he was, under our statute, entitled to require a re-conveyance of the lands. It appears by the plea, that the lands were bid off by the defendant in error at the sum of $100, and the amount tendered was only $105, when the statute requires that the purchase money, with ten per cent., shall be tendered, before the purchaser is bound to re-convey to the grantor in the deed of trust. Clay's Dig. 503 § 5. It is familiar law, that a tender of less than the sum due is not sufficient. Baker v. Gasque, 3 Strobh. 25.

The record also shows, that the tender was made during the pendency of this suit. In such cases, where this plea has been allowed at all, the courts have invariably decided, that the tender must not only be of the sum due, with interest, but the costs of the suit must be superadded, and this must

be averred in the plea. Retan v. Drew, 19 Wend. 304; Burt v. Dodge, 13 Ohio 131.

There is, however, another objection to this plea which is insuperable. The title which it attempts to set up is not cognizable in a court of law. That court deals only with legal titles; and this, at most, is but an equity.

The mere tender of the amount required by law to be paid by the mortgagor to the purchaser of the mortgaged premises does not, *per se*, re-invest the former with the legal title to the lands. Such titles must be evidenced by deed properly executed, or some other writing sufficient to pass them. This seems to have been contemplated by the framers of the law under which the plaintiff in error sets up his claim; for it provides, that when the sum required by its provisions to be tendered to the purchaser is offered to him, it shall be his duty to re-convey the lands to the debtor or mortgagor, but at the cost and charge of said debtor or mortgagor. Clay's Digest 502, 503 § 1–5. Until this re-conveyance is executed, the legal title is in the purchaser, and the former owner has an equitable right to redeem within two years from the date of the sale; and this he can only enforce in a court of equity, which has full power to compel an unwilling purchaser to re-convey to him.

Such has thus far been the practice in this State,—Scales v. Thomason, 12 Ala. 309; Pollard v. Taylor, 13 Ala. 604; and such is the practice in the States of Kentucky, Mississippi, Indiana and Tennessee, in all of which laws very similar to our own exist. See Adams v. Kable, 6 B. Monroe 384; Watson v. Hannum, 10 S. & M. 521; Thornhill v. Gilmer, 4 S. & M. 153; Raub v. Heath, 8 Blackf. 575; Hepburn v. Kerr, 9 Humph. 726; Ransum v. Pillow, ib. 271. To these, scores of other cases might be added from these States, and the State of New York, in all which the right to redeem, under such statutes as we are now considering, is treated and enforced as an equity of redemption. And such, in our opinion, is the right of the plaintiff in error, and consequently it cannot be set up as a defence to this action.

There is no error in the record, and the judgment is consequently affirmed.