## Clark *versus* Maguire's Administratrix.

In order to take a case out of the statute of limitations, a promise to pay must refer distinctly and specifically to the original debt.

A promise by an administratrix is not sufficient to take a case out of the statute, as against creditors or legatees.

A sale of goods to one holding a due-bill of the vendor, does not make out a case of mutual accounts, such as will prevent the running of the statute; for that purpose, there must be *mutual dealings* between the parties.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit* by Teresa Clark against Ann Maguire, administratrix of John Maguire, deceased, on two due-bills of the defendant's intestate in favour of the plaintiff, one for $423, and the other for $1300, both dated the 1st July 1841. The defendant pleaded *non assumpsit*, payment with leave, &c., and the statute of limitations.

On the trial, the plaintiff, in order to remove the bar of the statute of limitations, gave in evidence another due-bill without date, as follows:—

"I promise to pay to order, fifteen hundred dollars, for the consideration of the two notes held by the bearer.

"JOHN MAGUIRE."

She also proved, that in April 1850, her sister, Mrs. Hauptman, went to Maguire's grocery for some goods, and said she would pay for them, as she thought he would not like her to get them on her sister's account. To which Maguire answered, that it was all the same, whether she paid cash, or got them on the plaintiff's account.

The plaintiff also gave in evidence two pass-books, one of them containing entries of groceries sold to her by Maguire in 1843-4; and the other from June 1851, to the death of Maguire in October of the same year, and, subsequently by the defendant, as his administratrix. She also proved the promise of the defendant to renew the notes.

The court below (HARE, J.), in answer to points presented by the defendant's counsel, instructed the jury, that neither the acknowledgement of Maguire in his lifetime, as proved in evidence, nor the promise of the defendant, since his decease, were sufficient to take the case out of the statute of limitations; and reserved the point whether there was any evidence to take the case out of the statute.

There was a verdict for the plaintiff for $1500, subject to the opinion of the court upon the point reserved; and the court below subsequently gave judgment for the defendant upon the reserved

[*Clark v. Maguire's Administratrix.*]

point. To which, as well as to the instruction given to the jury upon the trial, the defendant excepted; and having removed the cause to this court, she here assigned the same for error.

*Rawle*, for the plaintiff in error.—There was evidence to go to the jury whether the groceries furnished to the plaintiff by Maguire, were not so furnished on the ground of a mutual dealing between the parties. And it is settled, that where goods are sold, or money lent, with the understanding that the amount shall be credited against a prior debt, the existence and obligation of the debt are necessarily admitted, and a promise to pay it will be inferred: Evans *v.* Smith, 9 *Exch.* 282; Van Swearingen *v.* Harris, 1 *W. & S.* 356; Wilson *v.* Calvert, 18 *Ala.* 275; Todd *v.* Todd, 15 *Id.* 743; Hodge *v.* Manley, 25 *Verm.* 213; Davis *v.* Smith, 4 *Greenl.* 340.

*Fallon & Serrill*, for the defendant in error.—There was no evidence that the sales of the groceries were made on account of or as part payment of the notes sued on. Even the mere fact of part payment is not enough; it must have been made as part payment of a greater debt, and under circumstances that will warrant the jury in finding a promise to pay the remainder of the debt; Wainman *v.* Hyneman, 1 *Exch.* 118; Tippets *v.* Hearn, 1 *Crompt. & Mees.* 252; Waugh *v.* Cope, 6 *M. & W.* 828. And the facts do not make out a case of mutual accounts: Lowber *v.* Smith, 7 *Barr* 383; Edmondstone *v.* Thomson, 15 *Wend.* 554; Davis *v.* Tiernan, 2 *How.* (*Miss.*) 786; Abbott *v.* Keith, 11 *Verm.* 529; Toland *v.* Sprague, 12 *Pet.* 300; Ramchander *v.* Hammond, 2 *Johns.* 200; Bevan *v.* Cullen, 7 *Barr* 281.

The opinion of the court was delivered by

THOMPSON, J.—Measured by the case of Burr *v.* Burr, 2 *Casey* 284, and the authorities therein cited, the declarations of Maguire were insufficient to take the case of the plaintiff out of the statute of limitations. And it was conceded, that even a promise by the administratrix would not have that effect, although in form sufficient.

The plaintiff's case rests therefore alone on the ground of mutual dealing; for there was no evidence of payment on account. Were these mutual accounts between the parties? In Edmomdstone *v.* Thomson, 15 *Wend.* 554, it is said "accounts are mutual when each party makes charges against the other in his books, for property sold, services rendered, or money advanced." In Chambers *v.* Marks, 1 *Casey* 296, BLACK, J., asserts the same principle as to the necessity of mutual accounts, to take a case out of the statute, but doubted whether it was requisite that the accounts be in writing. In Lowber *v.* Smith, 7 *Barr* 381, mutual accounts or

[Clark v. Maguire's Administratrix.]

reciprocal demands arising out of current dealings, it is ruled, will prevent the statute from running, if any of the items are within six years before suit brought. There are many decisions in our books, and in the neighbouring states, to the same effect.

The plaintiff's demand rested on two non-negotiable notes given by the defendant's intestate in 1841. This was nothing like an account on her part. The demand stands upon an entirely different footing. There is no presumption of extinguishment, as there is in cases of open and running accounts. It has not yet been heard of, that a charge in a man's book will defeat his plea of the statute against another who holds an old note of ten or fifteen years' standing. Direct payment only will have the effect of tolling the statute. We think the District Court were right in entering judgment for the defendant *non obstante veredicto*.

Judgment affirmed.