Marvin, J.
The case in short is : the summons was delivered to the sheriff for service February 25, 1868, and it was served March 9.
*249 On the 5th day of March, 1868, the defendant tendered the amount owing on the note to recover which, the action was brought. The plaintiff proceeded in his action ; and the defendant pleaded tender made on the 5th March, before action commenced, and that he had ever since remained and still is ready and willing to pay to the plaintiff said sum, but plaintiff has hitherto refused to receive the same; that he now brings the said sum of $215, into this court, ready to be paid to the plaintiff, if he will accept the same. The answer was retained by the plaintiff’s attorney, and the issues were referred to a referee for trial. The money tendered was not actually paid into court, nor was any notice of payment into court given to the plaintiff or his attorney. The identical money tendered was produced at the trial, and placed in charge of the referee ; and it had been at all times prior to the trial held in readiness for the plaintiff, as he was advised at the time of the tender it would be.
The referee decided that the defendant was. entitled to recover his costs in the action, and the plaintiff to receive the money tendered. Exceptions were filed by the plaintiff.
The referee has given to the questions raised a very full examination, as is evidenced by his able and elaborate opinion to which I have nothing to add; and we adopt it as the opinion of this court.
The referee followed in his decision Hull v. Peters (7 Barb., 331), decided in this district in 1849, Sill, J., delivering the opinion of the court, in which Retan v. Drew (19 Wend., 304), was declared to be a departure from settled principles, and not sustained by authority. Justice Sill referred to White v. Smith 4 Hill, 166 ; S. C., 7 Id., 520), in which the court for the correction of errors decided (reversing the supreme court), that a plaintiff may discontinue Ms action without paying costs at any time before he has notice of the appearance of ' the defendant, though the defendant may have retained an attorney to defend the action. This decision was *250 subsequent to the decision of the supreme court in Re tan ». Drew, and Justice Sill was of the opinion that the principle established by it was applicable to the case he was considering, and should govern it. In that case I dissented, from an unwillingness to overrule Retan v. Drew. The case is an authority in point upon the question of the liability of the defendant to pay costs ; and the referee very properly followed it.
Asito the necessity of averring, with the plea of tender, the payment of the money into court, and paying it in, and giving notice, the general rule undoubtedly is as the plaintiff’s counsel claims; but it seems, from the authorities' cited by the referee in his opinion, that the omission to pay the money into court, and to give notice, is not fatal to the rights of the defendant, in case the plaintiff’s attorney retains the answer and goes to trial upon the issue of tender. The omission by the defendant to pay into court and give notice, is an irregularity, which is waived by the plaintiff by receiving and retaining the answer and going to trial.
In the present case the tender was kept good, and the money tendered was produced on the trial, and delivered to the referee. It had been kept in readiness for the plaintiff from the time of the tender. I think the referee made the proper disposition of the case, and, adopting his opinion, the judgment must be affirmed.
Barker and Lamout, JJ., concurred.