Helms *v.* Otis.

----

MORTIMER A. HELMS, Respondent, *v.* NORMAN G. OTIS, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

In an action on an account which had accrued in 1868 and 1869, the defendant claimed to offset an account against the plaintiff running from 1855, but of which the last item accrued in 1863.—*Held,* there was a mutual running account between the parties, and that the offset was not barred by the statute of limitations.

THE defendant in this action appealed from the judgment of the County Court, which affirmed a judgment of a justice the peace rendered in favor of the plaintiff. The facts are stated in the opinion.

*Jenkins & Goodwill,* for the appellant.

*W. H. Henderson,* for the respondent.

Present—MULLIN, P. J. ; JOHNSON and TALCOTT, JJ.
LANSING—VOL. V.     18

MULLIN, P. J.   This is an appeal from the County Court of Cattaraugus, affirming a judgment of the justice in favor of the plaintiff.   The action was brought to recover the balance of an account for work, labor, material, &c., commencing in September, 1868, and ending in October, 1869.   The defendant pleaded the statute of limitations and a set-off, and denied the plaintiff's complaint.   On the trial the plaintiff proved his account and rested.   The defendant then offered to prove by way of set-off an item of account for flour sold and delivered in 1860.   The plaintiff's counsel objected to the evidence, on the ground that the demand was barred by the statute of limitations.   The objection was sustained and the evidence rejected.

The defendant then offered to prove items of account accruing in his favor in the years 1861–62–63.   The plaintiff's counsel objected to the evidence on the same ground as before, and the evidence was rejected.

The defendant then offered to prove items of account accruing in his favor against the plaintiff in the years 1855–56–57–58.   The plaintiff's counsel objected to the evidence on the same ground as before, and it was rejected.

The only question deserving of consideration on this appeal is the competency of the evidence offered on the part of the defence.

It was held in *Kimball* v. *Brown* (7 Wend., 322) that one item of account within six years before suit brought will not draw after it items beyond six years, so as to protect them from the statute of limitations, unless there have been mutual accounts and reciprocal demands between the parties.

SAVAGE, J., adopts the language of the editor of Bacon's Abridgment (4 Bacon, 478), who says a mutual account of any sort between plaintiff and defendant for any items of which credit has been given within six years, is evidence of a promise to pay the balance, and will take the case out of the statute of limitations.

The case of *Chamberlin* v. *Cuyler* (9 Wend., 126) is decisive of the question.   In that case the plaintiff's account

accrued in the years 1826 and 1827. The defendant, under a notice of set-off, proved an account against the plaintiff in the years 1821 and 1822, also in the years 1818 and 1819, and in 1826.

The question was whether the part of the defendant's account accruing before 1826 was not barred by the statute of limitations. The court held that inasmuch as there was not a hiatus of six years between the items of the defendant's account, and the defendant's account accrued within six years previous to the commencement of the action, the whole of defendant's account was recoverable. The facts in the case cited and the one before us are substantially alike. The judgment of the County Court and of the justice must be reversed.

Judgment reversed.