HENRY L. JAMES *vs.* WILLIAM R. CLAPP.

Hampshire. September 16. — December 31, 1874. WELLS & MOR-TON, JJ., absent.

In an action on an open and mutual account, if one item is for a breach of an agreement which occurred more than six years before the date of the writ, and the last item is within the six years, and the defendant pleads the statute of limitations, but does not object that the first item is not properly the subject of an account, the plaintiff may recover both items.

CONTRACT to recover the price of wood sold and delivered in April, 1872. Writ dated October 18, 1872. The defendant filed a declaration in set-off which contained this item, " July, 1863, One double water-wheel, $140." To this declaration the plaintiff filed a general denial, and also an amended declaration, in which he alleged that the defendant agreed to put a certain water-wheel in the plaintiff's mill for a certain price, if it worked well, and agreed to pay the plaintiff $100 if it did not work well; that it did not work well, and the plaintiff was obliged to remove it; and that the defendant owed the plaintiff the amount stipulated, $100. To the amended declaration the defendant pleaded the statute of limitations.

Trial in the Superior Court, before *Aldrich*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, the nature of which appears in the opinion.

*D. W. Bond*, for the defendant.

*C. Delano*, for the plaintiff.

ENDICOTT, J. Upon the facts and rulings reported in this case, the defendant has no just ground of exception. There was no controversy upon the items set forth in the plaintiff's declaration. But the defendant filed a declaration in set-off, on a mutual and open account, which contained a charge of $140 for a water-wheel. To this the plaintiff pleaded the statute of limitations, and at the trial made no objection to the item for the water-wheel, as not a proper charge in a mutual and open account. He also amended his declaration to the effect that he did permit the defendant to put a water-wheel into his mill, but upon the express agreement that he would pay the price named only in the event that it was satisfactory and answered his purpose, and, if it did

not, the defendant was to pay him $100 for his trouble and expense. He further alleged that it was not satisfactory, that he was obliged to remove it, and that the $100 was due him from the defendant. To this amended declaration the defendant pleaded the statute of limitations, but the bill of exceptions finds that he did not object to it on the ground that it introduced a new cause of action, different from that set forth in the original declaration.

The charge for the water-wheel in the declaration in set-off was more than six years before the commencement of the action, but the last two items were within six years, and the jury were instructed, in accordance with the request of the defendant, that if they found these two items were properly charged to the plaintiff, they might treat the whole account of the defendant as a mutual and open account between the parties. The jury found they were properly charged. This finding carried with it the item for the water-wheel; but whether that item was due depended upon the contract in relation to the delivery and use of the wheel, alleged by the plaintiff, and upon which evidence was introduced by both parties. Upon that evidence the jury found that the contract was as alleged by the plaintiff, and disallowed the $140, and allowed the plaintiff's claim for the $100.

It is obvious, from the whole bill of exceptions and the admissions and statements it contains, that all the items in controversy were treated, for the purposes of the trial, as parts of the open account between the parties. The presiding judge stated to the jury, that if the question had been raised it might have been proper to rule that the item for the water-wheel would not be a proper charge in a mutual and open account upon the conditional contract as stated by either party. But the plaintiff did not object to it on this ground, but relied on the statute of limitations as a bar to the defendant's whole claim ; and the defendant did not object to the $100 claimed by the plaintiff if the contract was as the plaintiff alleged, except that it was barred by the statute. As the case was tried by the parties, the ruling that the jury might treat these two items relating to the water-wheel as not barred by the statute, if they found the last items of the defendant's account were properly charged to the plaintiff, was correct, and not open to exception by the defendant.

*Exceptions overruled.*