Grover, J.
The respondent presented a claim to the appellant against the estate represented by him for services rendered by her to the intestate during his lifetime. The appellant, doubting the justice of the claim, an agreement was entered into by the parties to refer the same pursuant to 2 Revised Statutes, 89, section 36. After hearing the matter by the referee the case shows that the report was presented to the court at Special Term, by which it was confirmed and judgment ordered thereon in favor of the claimant; after the entry of which the appellant appealed therefrom to the Supreme Court. The case fails to show that the appellant made any motion at the Special Term, upon a case or otherwise, to set the report aside or for a new trial, or any opposition to its confirmation. If this was so there would be nothing for the General Term or this court to review, and the judgment should be affirmed. But as among the papers there is a case, settled by the referee, containing the testimony given and the exceptions taken upon the hearing, and as no objections appear to have been made at the General Term, but that the case and all the questions raised by it were presented to and passed upon by the Special Term, and the proper exception then taken to a confirmation of the report and the order of judgment, I shall assume that this was done, and that the questions presented by the case are properly before this court for review.
The counsel for the appellant insists that the respondent could only recover compensation at the rate of one dollar and fifty cents per week for any part of her services. He bases this upon the finding of the referee, that the agreed price for the first two years was one dollar and fifty cents per week, and that after that there was no express contract as to the time of service, amount of wages, or when the same should be paid. The only evidence upon which this finding was *110 made at the request of the appellant was the following statement of the respondent at the commencement of her account: Maria Smith commenced housekeeping for J. W. Velie June 8, 1851, for one dollar and fifty cents per week for two years, amounting to one hundred and fifty six dollars. This tended to show an agreement, made at some time, fixing that rate of compensation for two years’ service, but fails to show that she, at the commencement, agreed to serve for two years or that the appellant agreed to employ for that time, or that any agreement was then made fixing the compensation. It is entirely consistent with this statement that the amount of wages was fixed by the parties after the expiration of or any time during the two years. The same remarks apply to the finding of the referee. The counsel for the appellant is correct in the position that when one is hired for a compensation fixed by agreement of the parties for a specified time, and continues to serve in the same capacity after its expiration, the law will presume, in the absence of other proof, that he is to receive compensation at the same rate; but the evidence clearly fails to bring this case within the rule.
The counsel for the appellant insists that the respondent’s claim for all hut the six years immediately preceding the death of the intestate was barred by the statute of limitations. His argument to sustain this position is quite ingenious. It is, that, in the absence of an express contract after the first two years, the law implies a contract from year to year; that at the end of each year the wages become due and the statute commenced running for that year at that time, and that the law, in the absence of an agreement of the parties, will apply any payment made to the wages of the year first becoming due, leaving the statute to run on those becoming thereafter due. The supplemental finding of a contract from year to year is a mere legal conclusion of the referee, having no foundation in the evidence. It is true, that had there been nothing paid, nor any mutual open accounts between the parties, the plaintiff could only have recovered for the six years, as the statute would have constituted a bar to all claim *111 for previous services. (Coster v. Murray, 5 J. Ch., 522; Kimball v. Brown, 7 Wend., 322; Angell on Limitations, §§ 148, 149.) But the proof shows that the intestate let the plaintiff have, in every year, various sums of money and different articles of goods, of which he kept an account against her, which was to apply upon her wages. Whenever he did this, her services being continuous and no time fixed by agreement for the payment of any part, the presumption is that it was to apply upon the balance he at that time owed her, and not upon the wages of any particular year. Indeed, I think the claim of the plaintiff, at any and all times for previous services, was an entire account, and that she could have maintained but a single action thereon against the defendant: that she could not maintain a separate action for each year of services, or any other specified part, after all had been rendered. A payment by the intestate upon the balance due the claimant took the entire balance out of the operation of the statute. The referee allowed interest from the death of the testator to the date of his report, to which the appellant excepted. I think this exception well taken. The case shows that the accounts between the parties were open and unliquidated. Interest is not allowed upon the balance ultimately found due upon such an account. (McKnight v. Dunlop, 4 Barb., 36 ; Holmes v. Rankin, 17 id., 454.) Indeed, it is not claimed, upon the part of the respondent, that she was entitled to interest for any time prior to the death of the intestate. Upon what principle it should commence running upon that event I am unable to discover. The counsel for the respondent cites McMahon v. The New York cmd Brie Railroad Company (20 N. Y., 463) to sustain the judgment in this respect. This case, as I understand it, is a direct authority against it. There was no time fixed for pay-, inent. The case shows that there was no fixed market-value by which the rate of wages could be determined. There was no default in the intestate or appellant in determining the balance due the claimant. Under such a state, the learned judge says, in the case cited, interest cannot be allowed.
*112 It follows that the amount of interest included in the report must be deducted from the judgment at the date of the report, and as so modified the judgment must be affirmed without costs, in this court, to either party.
All concur.
Judgment accordingly.