37   37
5ap589

DAVID D. BECKER AND FRANK E. CAMPBELL, APPEL-
LANTS, v. JONATHAN R. JONES, RESPONDENT.

*Mutual account — when it exists so as to take a case out of the statute of limitations.*

Upon the trial of this action, brought in a Justice's Court, to recover twenty-seven dollars and sixty-three cents, for goods sold and delivered to the defendant, it appeared that all the goods, except one item, costing one dollar, had been delivered more than six years prior to the commencement of this action. It also appeared that more than six years prior thereto the defendant had charged the plaintiff with one dollar and eighty cents for feed, and within that period with two dollars for use of a wagon, and seventy-five cents for repairs thereto.

*Held,* that the evidence was sufficient to authorize the jury to find that a mutual account existed between the parties, and that the court erred in refusing to submit that question to them.

APPEAL from a judgment in favor of the defendant, entered on a verdict rendered at the Wayne Circuit, and from an order denying a motion for a new trial.

The trial was had on an appeal from a Justices' Court to the County Court, and the case was removed into this court. The action was brought to recover for goods sold and delivered. The defendant denied the complaint, plead the statute of limitations,

and alleged that the plaintiffs were indebted to him for flour and feed, etc.

On the trial the plaintiffs proved an account against the defendant for goods sold, amounting to twenty-seven dollars and sixty-three cents, all of which were delivered from time to time more than six years before the action was commenced, except one item of one dollar which was delivered within that time. There was evidence tending to prove that the defendant sold to the plaintiff feed amounting to one dollar and eighty cents, more than six years before suit, and within that time charged the plaintiffs for use of wagon two dollars, and for the cost of repairs of wagon broken by plaintiffs, seventy -five cents. The court directed a verdict for the plaintiffs for one dollar, and they appeal.

*J. B. Decker*, for the appellants.

*Wm. Roe*, for the respondent.

BRADLEY, J. :

The only question presented is whether the statute of limitations defeated the recovery by the plaintiffs of all that part of their account which accrued more than six years before the commencement of the action. The trial court held that it did. And the defendant's counsel contends that the statute is a bar, because : 1. The action is not brought to recover a balance due upon a mutual, open and current account. 2. The plaintiff gave the defendant no credits. 3. No mutual, open and current account appears between the parties. The statute provides that, " in an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side." (Code Civil Pro., § 386.) Such was that of the old Code (§ 95), and prior to that the rule was substantially the same. (2 R. S., 296, § 23.) As between the parties to such account the balance is deemed carried along and changed, or fluctuated, by the items of claim from time to time going into or properly belonging to it. And to save the entire account from the statute of limitations it is requisite that the account be mutual and open, and that one or more items accrue

within six years before the commencement of the action. And it is not important in that case which side has such accumulation. (*Green* v. *Disbrow*, 79 N. Y., 2; *Kimball* v. *Brown*, 7 Wend., 322; *Chamberlin* v. *Cuyler*, 9 id., 126; *Sickles* v. *Mather*, 20 id., 72; *Helms* v. *Otis*, 5 Lans., 137.) The mutuality of the account of reciprocal demands must be established to bring the account within the statute. That of one side only will not answer the purpose; nor will reciprocal demands which are not the proper subject of an unliquidated account. (*Perrine* v. *Hotchkiss*, 2 T. & C., 370; *Edmondstone* v. *Thomson*, 15 Wend., 554; *Coster* v. *Murray*, 5 Johns. Ch., 522; *Hallock* v. *Losee*, 1 Sandf., 220; *Cuck* v. *Quackenbush*, 13 Hun, 107; *Green* v. *Ames*, 14 N. Y., 225; *Huebner* v. *Roosevelt*, 6 Daly, 337.) The plaintiffs' account was clearly proved and the evidence tended to prove that the defendant charged to the plaintiffs, August 28, 1873, 100 pounds of feed at one dollar and eighty cents, and in 1880 and 1881, for use of wagon four days, two dollars, and costs of repairs of it seventy-five cents. This proof was made by the plaintiffs, and was sufficient as against the defendant to authorize the jury to find that those items of claim existed in his behalf against the plaintiffs, as part of a mutual account between the parties. It does not appear that the plaintiffs had given, in their account, the defendant credit for those items or any of them. That fact is not necessarily important; nor is the fact that the complaint was not in form for a balance of an account. The plaintiffs could properly allege their claim upon their side of the account as for goods sold, etc., and if the defendant failed to allege or prove his claims the plaintiffs could protect theirs against the bar of the statute by proving one or more items of the account existing on the part of the defendant. And the action will be deemed brought for the balance within the meaning of the statute. (*Penniman* v. *Rotch*, 3 Met., 216; *James* v. *Clapp*, 116 Mass., 358; *Green* v. *Disbrow*, 79 N. Y., 9.) It may be observed that the provisions of the Massachusetts Statutes (Rev. Stat., chap. 120, § 5), is substantially the same as that of this State in the respect in question. The plaintiffs' exceptions to the refusal of the court to submit the question of mutual accounts to the jury, and to the direction of the verdict seem to have been well taken.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to abide event.