# Jaffe Jewelry Co. *v.* Ellsworth.

## *Detinue.*

(Decided May 11, 1911.    Rehearing denied May 29, 1911.
55 South. 457.)

1. *Costs; Effect of Tender.*—A tender made and pleaded after suit brought does not have the effect to entitle the defendant to recover costs incurred prior to the tender.

2. *Appeal and Error; Harmless Error; Cured by Verdict.*—Where the verdict authorizes the assessment of the costs of suit against the plaintiff because of usury infecting plaintiff's right of action, erroneous instructions relative to the cost based on a tender are rendered harmless.

3. *Tender; Effect; Detinue.*—Where the action was for detinue for a piano and the defendant pays an amount into court with his plea of tender and the jury ascertains by its verdict under the plea of tender that the unpaid balance of the purchase price of the property sued for was the amount tendered, the plaintiff is not entitled to a verdict or judgment for the property sued for or its alternate value.

[Jaffe Jewelry Co. v. Ellsworth.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Jaffe Jewelry Company against Bessie Ellsworth in detinue for a piano. Judgment for defendant, and plaintiff appeals. Affirmed.

Among the pleas were: "(1) That the contract upon which the action was founded is usurious and void, for interest therein, and defendant says that she has paid $115 as interest on said contract, and asks that such amount be deducted from the principal, and judgment rendered for the balance only, which amounts to $50, which amount she now brings into court and tenders to said plaintiff." The charge referred to in the opinion is as follows: "If the jury believe that a tender of the amount due was made by the defendant to the court before this trial, then the jury must tax the costs against the plaintiff." The first verdict rendered by the jury was: "We, the jury, find for the plaintiff in the sum of $35, and tax the plaintiff with the cost of court." The bill of exceptions then recites: "And on the 29th day of October, 1909, the following verdict, after being put in due and legal form, was returned by the jury for the defendant in this case: 'We, the jury, find for the plaintiff, and ascertain the amount of the mortgage debt to be $150, and the unpaid balance of the purchase price of the piano sold to be $35, under the plea of tender, and tax the plaintiff with the cost in this case.'"

C. D. RITTER, for appellant. The court erred in giving the first charge requested by the defendant.—*May v. Folsom*, 20 So. 984; *Stickney v. Moore*, 19 So. 76; *Woodall v. Kelly*, 5 So. 164. The defendant insists that the original verdict by the jury was a nullity and could not be put in form by the court.—Sec. 3781, Code 1907.

SMITH & MUDD, for appellee. No error was committed by putting the verdict in form.—*Gerry v. Woodham,* 103 Ala. 421. There was no error in denying motion for new trial.—*W. U. T. Co. v. Chamblee,* 122 Ala. 428.

WALKER, P. J.—The plea which, not in any way being objected to for insufficiency, seems in the trial below to have been treated as a plea of tender, did not aver or indicate that there had been anything in the nature of a tender before it was filed.

A tender, made and pleaded after suit has been brought on the demand, does not entitle the defendant to recover of the plaintiff that part of the court costs which had been incurred before the tender was made, as a defendant may not, by his failure to pay a debt due, put the plaintiff to the necessity of bringing suit for its collection, and then, after suit brought, by a tender of the amount due, cast on the plaintiff the burden of the accrued costs of suit already properly incurred by him.—*Smith v. Anders,* 21 Ala. 782; 28 Am. & Eng. Ency. Law (2d Ed.) 19.

Under the written charge given to the jury at the request of the defendant they were bound, if they believed that the defendant had tendered the amount due at any time before the trial, to tax the costs of the suit against the plaintiff, whether incurred before or after the tender was made. For the reason indicated, the giving of that charge was error, without regard to any question as to its being otherwise faulty.

But that error does not constitute a ground of reversal on this appeal. The defendant filed another plea, upon which issue was joined, setting up "that the said contract upon which this action is founded is usurious and void for the interest thereon." It plainly appeared

in the course of the trial that it was the purpose of that plea to charge that usury infected the mortgage upon which, in the trial, the plaintiff rested its claim to the property sued for. The verdict of the jury, in the light of the evidence introduced, necessarily involved a finding that there was such usury. That being true, the judgment of the court assessing the costs of the suit against the plaintiff does not need the support of the finding in the verdict to that effect, as the court, without regard to that finding in the verdict, was authorized so to tax the costs by the statute providing that, "if it be made to appear that usurious interest has been intentionally taken or reserved, the defendant recovers full costs."—Code 1907, § 3665.

It appears from the bill of exceptions that the verdict, after being put in due and legal form, was returned by the jury itself. The assignments of error which involve the assumption that the form of the verdict was changed by the court, or by the attorney for the defendant, after it had passed out of the control of the jury, find no support in the record.

The defendant having paid into court $35, accompanying her plea of tender, and the verdict of the jury having ascertained that the unpaid balance of the purchase price due to the plaintiff for the property sued on was only $35, "under the plea of tender," the plaintiff was not entitled to a verdict or judgment for the property sued for or its alternate value.

On the evidence in the case, as set out in the bill of exceptions, this court would not be justified in deciding that the trial court was in error in overruling the defendant's motion for a new trial.

Affirmed.