## Hay *against* Kramer.

If a clerk who made original entries in a book be temporarily absent from the state, such entries may be given in evidence upon proof of his handwriting.

An admission by a defendant that the debt for which he is sued was not paid, accompanied by the declaration that he would plead the Statute of Limitations, will not take the case out of the operation of the Act.

Where the items of an account are all on one side, the Statute of Limitations is a bar to all claims above six years' standing.

ERROR to the Common Pleas of *Allegheny* county.

Allen Kramer against John Hay. This action upon a book-account originated before a justice of the peace, and was brought into court by appeal.

Two of the entries in the plaintiff's books were in the hand-writing of George Anshutz, of whose absence the following proof was made:

"I saw George Anshutz between eight and ten weeks ago, at Cincinnati, working on the boat of which he is the captain for New Orleans. He is not in this county now. I believe he resides in Pittsburgh. He is the captain of a boat, and is temporarily absent."

The defendant objected to the entries. The court overruled the objection, and sealed a bill of exceptions.

It was also proved by the plaintiff that when the parties were before the Justice, the defendant acknowledged the justice of the account, but denied his legal liability to pay it, and said that he would plead the Statute of Limitations.

The court submitted to the jury to say whether that was such an acknowledgment by the defendant as prevented the bar of the Statute. It also appeared that there were mutual accounts between Hay & M'Cully and Hay & Campbell on the one side, and Allen Kramer on the other; and the court instructed the jury that they were so far merchants as would take the case out of the Statute of Limitations.

*Hamilton,* for plaintiff in error. There was no evidence that Anshutz, whose hand-writing was proved, was not in the county. Proof that he was absent eight weeks before was not sufficient. 2 *Watts* 182; 5 *Watts* 287; 3 *Binn.* 197; 7 *Serg. & Rawle* 125.

If the defendant did make any acknowledgment, it was accompanied by such a qualification as precluded the idea of a promise to pay, and the court therefore erred in submitting the matter to the jury. 5 *Watts* 211; 6 *Watts* 44; 2 *Penn. Rep.* 306.

II. — 18                    M *

[Hay v. Kramer.]

Although the parties were merchants, and had mutual dealings, yet the account in suit was not between them as merchants; and besides there were no mutual accounts: it was all on one side. 2 *Saund.* 124; *Bul. N. P.* 149; 17 *Serg. & Rawle* 347; 20 *Johns.* 582; 6 *Term. Rep.* 189.

*Darrach,* for defendant in error, as to the third point, cited 3 *Binn.* 192; 4 *Yeates* 345; 2 *Serg & Rawle* 80.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is the admission of the books of original entries of the plaintiff, to establish the sale and delivery of the articles. All these entries were proved by the plaintiff, Kramer, except the two first items, which were in the hand-writing of Anshutz. Abbot, a witness for the plaintiff, proved the hand-writing of Anshutz, and stated that he saw him eight or ten weeks ago at Cincinnati, working on the boat of which he was captain for New Orleans; that he was not in this county now. He believed he resided at Pittsburgh. He was captain of a boat, and was temporarily absent. The same rule will apply here which has been settled as to the hand-writing of a witness to a bond; and that is, that when the subscribing witness is living, and is out of the state, his hand-writing may be proved; but if he be within the state, his testimony cannot be dispensed with. It seems settled that it is not sufficient that he is out of the bounds of the county. *Hantz* v. *Rough,* (2 *Serg. & Rawle* 350). Though it does not appear here positively that the witness was out of the state, yet, considering the whole evidence, it might perhaps be sufficient for the court to presume it, and we should not be disposed to reverse the judgment simply for this cause.

2. The second error, however, is better supported; and that is, that the court left it to the jury to say whether there was not such an admission or recognition by the defendant of this account before the magistrate, in the case of *Hay & Campbell* v. *Kramer,* as would take the case out of the Statute of Limitations. It appears that Hay was present at the office of the magistrate before whom Hay and Campbell sued Kramer, on an account they had against him, and there Hay, by his counsel, contended that Campbell (as the remaining partner) was to pay for the hats sued for in the present case; but it is also proved, that this was accompanied with a declaration, that if Kramer did not collect it in that way, he, Hay, would plead the Statute of Limitations to Kramer's claim. Such a qualified admission as this, is not sufficient evidence of an acknowledgment so as to take the case out of the Statute. Not only was the admission, as it is called, of Hay made with the view of throwing the debt on Campbell, but it was accompanied with the express declaration that if he were sued, he would plead the Statute. This was tantamount to saying he had

[Hay v. Kramer.]

no objection to Kramer's getting it of Campbell, but he would avail himself of the lapse of time to exempt himself.   It has been expressly decided not to be a sufficient acknowledgment where a party said, that if the 'debt had been presented in time, he would have paid it, but he knew the Statute of Limitations would now bar the claim, and he would not pay it.   *Murray* v. *Tilly*, cited in 9 *Serg. & Rawle* 131.   The same principle has been recognised by this court in subsequent cases.   In this instruction we think the court below erred.

3. The third error assigned is, that the court charged that there was such a state of mutual accounts between the parties, or, which would be the same thing in legal contemplation, between Hay & M'Cully and Hay & Campbell, on the one side, and Allen Kramer, on the other, and they were so far merchants as would take the case out of the Statute of Limitations.   It appears that between the parties to this suit of Kramer against Hay, the account was entirely of one side, as it consists of hats furnished by Kramer to Hay.   There is no account for any thing sold or delivered to Kramer by Hay, though there are two items of credit—one for money paid by Hay to Kramer, and one for a hat returned. There was an account of Hay & M'Cully, and also of Hay & Campbell, against Kramer; but that being by the firms, is between other parties, and cannot be considered a mutual account, within the case of *Thomson* v. *Hopper* (1 *Watts & Serg.* 467).   The items are here all of one side, and the rule is settled, that in such case the Statute is a bar to all claims above six years' standing. *B. N. P.* 149, 150; *Peake's Cases* 164; *Sir W. Jones* 401.   How far it would be within the saving clause, though the items are all on one side, if they were merchants' accounts, seems a vexed question, on which it is not necessary to give an opinion, because it does not appear by the pleadings or evidence that they were so.   It was merely a demand by Kramer, a hat maker, against Hay, his customer, in the common way of business.

Judgment reversed, and a *venire facias de novo* awarded.