By the Court—Hoffman, J.
The first and important question raised for consideration is the application of the statute of limitations, which is set up in the answer as a bar to the action.
By the 2d of May, 1849, the work for which the present claim is made was fully performed. The demand consists of one separate, independent item, made up on the elements of the contract price, the contract depth and length, and the increase of the lat-. ter by a new agreement.
*233 The action to recover this amount was commenced on the 2d of February, 1856.
When this account or item was entered on the books of the plaintiff’s assignor does nbt appear. It is not shown, and it is not probable, that the details of the item in question were entered as the work was done. Probably one general charge for the whole amount was made at one time. This account of Wm. H. Brown was simply of his charges for work done and materials supplied, without any credit or item for moneys or notes paid in liquidation, from time to time.
The account kept by Collins embraces an account of moneys and notes lent by him to Brown for his accommodation from 1848 to 1851, and of Brown’s repayment of such advances in money or notes. In this account are also contained the successive payments made by Collins on the contract price of the vessels, and a credit to Brown of such contract price, and also for the value of the extra work and supplies, which Collins allowed, he refusing to admit the item in question. The final entries, adjusting this account and closing it, are made on the 3d of June, 1851, a small credit being given; the sum of $5,000 received from Brown in cash, and a balance to charges, closing the account, of $163.89.
The analysis of this account shows, that a balance was arrived at in May, or as of May 21, 1851, of $5,436.96 against Brown, and that it was liquidated on the 3d of June, 1851, in the manner above stated.
I do not find that Collins had authority even from the Trustees, parties to the contracts, to make the loans and advances he did make, so that, had Brown failed in repayment, the loss would have fallen on them. Still less do I find anything to warrant this part of the account to be stated as with the defendants. I do find that the defendants have recognized a liability for the contract price. Two of the payments on account of the Arctic are expressed to have been received from the defendants, viz., May 2d and May 29th, 1850; and the sums for extras, which Collins allowed to Brown, have been allowed to the former in his account with the defendants, and nothing more.
So it appears to me, we are authorized to break up this account into two parts, the one properly against the defendants acting *234 through Collins as their agent; the other personal with Collins being exclusively between him and Brown.
And thus we find that, upon an account of the defendants with Brown for contract price, for extras admitted, for payments on account of both, and premiums paid for him which he was bound to pay, Brown was found indebted in May, 1851, in the sum of $2,646.87, and so much of the cash payment of $5,000 on the 3d of June as was necessary discharged this balance. The residue and the small credit paid Collins individually, the balance owing to him.
When, in March, 1851, Collins examined and adjusted, as stated, the bills for extras, he rejected the demand in question, and Brown, in June, 1851, pays him $5,000, which, in point of fact, discharged a balance of all transactions between them, as Collins claimed.
When did the statute of limitations begin to run ? Was it from the date of the rendering of the accounts and allowance by Collins of the principal part and rejection of this item, or from the time when, by the full performance of the work, a cause of action, did in itself, undoubtedly arise, viz., on or before the 2d of May, 1849 ?
The causé of action arises when and as soon as the party has a right to apply to the proper tribunals for relief. (Angell on Limitations, 41, and cases; The East India Co. v. Oditcburn Paul, 7 Moor Privy Council Cases, 85, 14 Jur., 253; Battley v. Faulkner, 8 Barn. & Ald., 288.)
. Ill this case, .Collins having directed the. specific extra work for which the action is brought, and nothing being agreed upon as to price or time of payments, there was a right to demand payment vested in Brown when the work was performed, and an implied undertaking in Collins to pay the value.
The Code (§ 73) has repealed the Revised Statutes as to the limitation of actions, and prescribed the rules which must govern the present case. In strictness it is the Code as in force in April 1849, by the amendments of that date. The provisions which bear upon the question are however identical.
By sections 76 and 91, an action upon a contract, obligation or liability, express -or implied, must be commenced within six years after the cause of action shall have accrued.
*235 By section 95, in an action brought tt> recover the balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side.
And by section 110, no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party, to be charged thereby; but this section shall not alter the effect of any payment of principal or interest.
It may first be noticed that this last section is nearly a transcript of the enacting clause of the 1st section of the statute, (19 Geo. IV, ch. 14,) commonly called Lord Tentebden’s act. There is no such clause in any English act as that contained in the 95th section of the Code; and the result of the English enactment is, that although there is a running open account, items in it beyond six years are not saved out of the statute by items within six years. This was expressly decided by the Court of Queen’s Bench, in Cottam v. Partridge, (4 Man. & Grang., 271,) and it was held that the leading case of Catling v. Shoulding, (6 Durnf. & East, 189,) 'was no longer law since this statute.
Payment of principal or interest on a specific demand, is still retained by the statute as sufficient to keep it in force.
As the 110th section of the Code is identical with the English act; as there is no written acknowledgment of the demand in suit; as there is no part payment of principal or interest of this particular demand, it would appear as a necessary result that nothing can prevent the operation of the statute, unless the case is within the 95th section of the Code. It cannot, I think, be questioned that a perfect cause of action existed on the 2d of May, 1849.
The provision of the Revised Statutes of 1830, (2 R. S., 296, § 23,) was, “ that in all actions of assumpsit, debt or account, brought to recover any balance due upon an open, mutual and current account, the cause of action shall be deemed to have accrued from the time of the last item proved in such account.”
We notice that the section of the Code has introduced the additional words, “ where there have been reciprocal demands *236 between the parties.” This is nearly the language of Denison, J., in Cotes v. Harris. (Bull. N. P,, 149.) “ There must be mutual accounts and reciprocal demands.” This case has always been treated as law.
Similar language is used in Coster v. Murray, (5 Johns. Ch. R., 522,) Spring v. Gray, (6 Pet. U. S. R., 151,) and Kimball v. Brown. (7 Wend., 322.)
What, then, constitutes mutuality of accounts and reciprocity of demands? It is not a series of items on one side of the account only. “ It never was supposed that items on one side of an account only would draw down former items.” (Ch. J. Tindal, Cottam v. Partridge, ut supra; see also Palmer v. The City of New York, 2 Sandf. S. C. R., 318; Hallock v. Lozee, 1 id., 220; Coster v. Murray, 20 Johns. R., 602; Kimball v. Brown, 7 Wend., 322.)
It may, I think, be much doubted whether, under the Code; where the account consists of items of charge to one party, and nothing but credits of payments by the debtor within six years, the account is such a one as will save items beyond six years from the statute, even if the weight of authority before the Code was in favor of the position that an indefinite payment avoided the statute, so as to keep all previous items in force as of the day of such payment, a point much controverted; the introduction of the words, reciprocal demands, appears to me intended to settle this question. (Hay v. Cramer, 2 Watts & Serg., 137; Gold v. Whitcomb, 14 Pick., 188; Lowber v. Smith, 7 Barr, 381; Penniman v. Rotch, 3 Metc., 216; Abbott v. Keith, 11 Vt., 525; Hodges v. Manley, 25 id., 210; Blair v. Brew, 6 N. H. R., 235.)
I apprehend that to meet the requisition of the Code in this particular, we must have such facts as occurred in Cutling v. Shoulding, (6 T. R., 189,) Chamberlain v. Cuyler, (9 Wend., 128,) and Chambers v. Marks. (25 Penn. R., 296.) There must be cross demands, matters of set-off, or counterclaim under our Code; something upon which the other party could sustain an action.
So in Green v. Ames, (4 Kern., 225,) the facts, as between Grant and the defendant, presented a similar case. There were mutual dealings. The causes of action or transactions were distinct. Each had an independent right of action. Most of the *237 items on each, side were within six years, and it was conceded that the statute would not bar a recovery of the balance.
And so in Catling v. Shoulding (ut supra) the plaintiff had an account for nine years’ rent, of which only the last half year was within six years, and the defendant had an account as liquor dealers, some of the last items being within six years. (Dickinson v. Williams, 11 Cush., 258.)
Even under the Revised Statutes the case of Edmondstone, v. Thomson, (15 Wend., 554,) is a strong authority to support these views.
Viewed in this aspect the account between the defendants and Brown, treating Collins as their agent for the items in question, was nothing, but his debits for building the vessels, and for doing the extra work and supplying the extra materials, and their payments on account of this demand. There was nothing on which the defendants could sustain an independent action against him.
But again, even if this view is not sufficient there is another, in my mind, of decisive importance. The principle on which the effect of an indefinite payment on a general open account depends, is acknowledgment. A specific payment directly appropriated to a specific item in such an account, leaves the statute to its operation as to the rest. But when the debtor knows that there exists against him a general account of items, and designedly pays or furnishes something to lessen the demand on such general account without discrimination, and at that time does not deny his liability for the other previous items, the law reaches an implication of his acknowledgment of the whole account.
But how can such an argument have the least force, when the debtor making a payment, at the very time, denies entirely his responsibility for a particular item claimed, disputes its legality, and thus warns his alleged creditor to sue for it?
Without any written signed admission, and with an explicit rejection of the item claimed, it seems to me that Brown was bound to sue, within the period prescribed by law after the cause of action did in fact accrue.
My conclusion is that the statute was a bar, and that the Referee erred.
*238 Iii placing our decision upon this ground, we must not be understood as considering other points taken by the defendants’ counsel as without force. On the contrary, those which relate to the difference between the grounds of liability of the Company, and Collins and his associates, are entitled to great consideration. ■
There must be a new trial, with costs to abide the event.
Ordered accordingly.