HANNAN vs. ENGELMANN.

*April 20 — May 11, 1880.*

REVERSAL OF JUDGMENT: *(1) On finding of referee, approved by court.*
ACCOUNTS. *(2) Evidence explaining form of account. (3) What is a mutual account? (4) Application of payments.*

1. In the absence of a clear preponderance of evidence against it, this court refuses to set aside the finding of a referee on a question of fact, approved by the court below.

2. The fact that certain goods were charged in plaintiff's books as items in a running account under the name of the Engelmann Transportation Co., and not under defendant's individual name, is not conclusive that the credit as to them was not originally given to defendant, but may be explained by testimony.

3. An account, running through more than six years, includes items for services and materials of various kinds furnished by plaintiff as required for defendant's use, and items of lumber, etc., furnished by defendant to plaintiff, and in one instance a buggy, carriage and sum of money taken from defendant in exchange for another carriage. *Held*, that this was an open *mutual* account, and the statute of limitations did not commence to run until the date of the last item charged.

4. Payments on account, not applied by either party at the time, will be applied by the court as equity may require; and in case of an open running account would be applied to the earlier items, if that were necessary to prevent the running of the statute.

APPEAL from the County Court of *Milwaukee* County.

Action on an account amounting in the whole to $2002.89, on which a balance is claimed to be due of $596.14, with interest; and of the latter sum $450.61 was claimed to be for work and labor performed for, and goods and wares delivered to, the Engelmann Transportation Company upon defendant's credit. By order of the court, the items of work done for, and goods furnished to, the defendant in person, and those done for or furnished to the Transportation Company, but alleged to have been so done and furnished on defendant's credit, were stated separately, and the statements, marked respectively A.

and B., were served on the defendant.   The answer denied defendant's liability for any part of the items in statement B.; and also alleged as to all the items in both statements dated prior to July 27, 1872, that the indebtedness did not accrue within six years before the commencement of the suit.   As to all other items in statement A., it alleged payment.   Statement A. extended from June 1, 1871, to February 1, 1878, and amounted to $1552.28.   Statement B. extended from July 30, 1871, to May 1, 1875, and amounted to $450.61.   There was a separate statement of credits, extending from October 28, 1871, to February 1, 1877, amounting to $1406.75.

By order of the court, the cause was tried by a referee, who found that the defendant was liable for all of the items in both accounts, and was indebted to plaintiff in the sum of $655.94. The referee also found, 1. " That said account was kept by the plaintiff, and by his clerks at his instance, and the items were charged, in form, sometimes to ' N. Engelmann Co.,' and again to ' Mr. Nate Engelmann Co.,' again to ' Engelmann Transportation Co.,' again to ' Mr. M. Engelmann,' again to ' Michael Engelmann,' again to ' Mr. Engelmann,' and again to ' M. Engelmann; ' " but that this was done "for the convenience of the plaintiff, who is but little conversant with the methods of bookkeeping; and that the credit of the whole of said account originally was given to *Michael Engelmann*, the defendant, and not to the persons, companies and corporations indicated in the captions or headings of pages of said account." 2. That defendant, when making payments on said account, either in money or by delivering goods, etc., never gave any directions as to the manner in which or the person to whom the same should be credited; and that they were credited generally on defendant's said account.   3. That the account was a mutual one, extending over the whole period from the date of the first to the date of the last item.   4. That at various times during said period, plaintiff made out statements of so much of said account as had accrued at such times re-

spectively, and delivered such statements or bills to defendant for payment; and that defendant at those times promised to pay plaintiff upon such bills, and made no objections to the items therein charged.

The county court overruled defendant's exceptions to the referee's findings and conclusion, and rendered judgment for the full amount found due by the referee; and from this judgment the defendant appealed.

For the appellant there was a brief by *Finches, Lynde & Miller*, with *Wm. II. Morris*, of counsel, and oral argument by *Mr. Morris*. On the question whether the account was a "mutual and open account current," so that the statute of limitations would run from the last item (under sec. 4226, R. S.), they cited. WARDEN, J., in *Prenatt v. Runyon*, 12 Ind., 177; *Dyer v. Walker*, 51 Me., 104; *Lowber v. Smith*, 7 Pa. St., 381; *Vaughn v. Hankinson's Adm'r*, 35 N. J. (6 Vroom), 79; *Tippets v. Heane*, 1 Cr., M. & Ros., 252; *Wainman v. Kynman*, 1 Exch., 118; *Waugh v. Cope*, 6 M. & W., 824.

For the respondent there was a brief by *Markhams & Smith*, and oral argument by *E. P. Smith*. To the point that the account was a mutual one, items of merchandise and traffic being found on both sides within the period of limitation, they cited *Hallock v. Losee*, 1 Sandf. S. C., 220; *Ross v. Ross*, 6 Hun, 80; *Gulick v. B. & K. B. T. Co.*, 14 N. J. Law, 545; *Fox v. Fisk*, 7 Miss. (6 How.), 346. Plaintiff had the right to credit the items of lumber, etc., at an admitted value, and avoid the bar of the statute, even although the other party has not charged the items, and insists that they are not to be allowed to him. *Davis v. Smith*, 48 Vt., 52; *Norton v. Larco*, 30 Cal., 126. If we regard all the credits, whether in cash or chattels, as payments, we shall find payments in cash as recent as July 8, 1874, and in chattels as late as February 1, 1877; and this brings us clearly within the provisions of sec. 4247, R. S., and the decisions of this court. *Cleveland v. Harrison*, 15 Wis., 670; *Eaton v. Gillett*, 17 id.,

435. If we apply all the general payments to the extinguishment of the earlier items of the account, the remaining items are far within the statutory limit. *Stevens Point Boom Co. v. Reilly*, 46 Wis., 237.

COLE, J. The county court overruled the exceptions which were taken to the findings of fact made by the referee. The first finding was, in substance, that between the first of June, 1871, and the first of February, 1878, the plaintiff, at the instance and request of the defendant, performed the labor and furnished the goods and materials mentioned in the complaint and amended bill of particulars, upon the individual credit of the defendant, and that they were of the value set forth. It cannot be successfully denied that there was sufficient testimony to sustain this finding, and certainly there is no such preponderence of evidence against its correctness as would warrant this court in setting it aside, under our decisions upon this question of practice. Now, if the plaintiff really gave no credit to the Engelmann Transportation Company, but rendered his services, and furnished his goods and materials, solely on the credit and promise of the defendant, then it is plain that the defendant is liable for them.

It is objected on the part of the defendant, that the manner in which the book accounts were kept by the plaintiff conclusively shows that he looked to the transportation company for the payment of some portion of the items charged and now attempted to be recovered of the defendant. But why the accounts were kept, or the various items charged, in the manner they were, is satisfactorily explained in the testimony; and the referee finds, as the fact doubtless was, that the credit of the whole account originally was given solely to the defendant, and not to the persons or corporations indicated in the caption or heading on the pages of the account. Undeniably a large amount of the items was furnished for the sole benefit of the defendant, and we think the evidence shows that he is liable

for the payment of the whole account, or rather the balance due on what are described in the amended bill of particulars as accounts "A." and "B."

The second defense in the answer sets up the statute of limitations to all the items in the account commencing with the first of June, 1871, and ending the 27th day of July, 1872, or bearing date six years prior to the time this suit was instituted. To the bar of the statute the plaintiff's counsel gives the following answers: *first*, that the evidence shows that the account is a mutual and open account current within the meaning of section 21, ch. 138, Tay. Stats., and therefore the statute only began to run from the date of the last item charged; *second*, that the law would apply the payments which were made by the defendant from time to time, to the extinguishment of the earlier items, and the balance of the account would not be barred. These answers seem entirely conclusive and satisfactory upon this defense. That the account was a mutual and open account current within the meaning of the statute, does not, we think, admit of doubt. The account shows a system of mutual dealings and of reciprocal demands between the parties, beginning in June, 1871, and continuing to January, 1878. The plaintiff, on his side, rendered labor and services, and furnished materials of various kinds for the use of the defendant, as required; and the defendant, on the other hand, made payments in cash, sold the plaintiff lumber and slabs, and in one instance gave a buggy, carriage and $400 in exchange for another carriage.

These various transactions certainly show a system of mutual debt and credit, and course of reciprocal dealing, where there were cross demands and matters of set-off, which together constituted a mutual open account current within the authorities. Says Mr. Angell, in his work on Limitations: "The rule that items within six years draw after them other items beyond that period, is by all the cases strictly confined to mutual accounts, or accounts between two parties which show a

reciprocity of dealing." Section 148. Again he says: "Mutual accounts are made up of matters of *set-off*. There must be a mutual credit, founded on a subsisting debt on the other side, or an express or an implied agreement for a set-off of mutual debts." Section 149. See, also, *Prenatt v. Runyon*, 12 Ind., 174; *Moser v. Crooks*, 32 Iowa, 72; *Dyer v. Walker*, 51 Maine, 104; *Norton v. Larco*, 30 Cal., 126; *Peck v. N. Y., etc., S. S. Co.*, 5 Bosw., 226. This is not a case where the items in the account are all on one side, no element of mutuality existing except such as partial payments create. But the evidence shows that there have been mutual dealing and mutual credits between the parties, which bring the account within the exception in the statute.

On the other question the answer to the bar of the statute seems to be equally conclusive; for, as we understand the authorities, the rule with regard to an open current account is well settled, that, where the parties themselves fail to make the application of payments, the law usually applies them to the extinguishment of the earlier items. That rule was recognized and applied in analogous cases in this court in *Robbins v. Lincoln*, 12 Wis., 1, and *Turner v. Pierce*, 31 Wis., 342. See, also, *Fairchild v. Holly*, 10 Conn., 175. The rule, as stated by Mr. Justice PAINE in *Robbins v. Lincoln*, is, that where the debtor makes no application of the payment when made, the creditor has the right to apply it as he pleases; and that, in the absence of an application by either party, the court should make such application as will be equitable and just under all the circumstances. In *Stone v. Talbott*, 4 Wis., 442, and *Jones v. Williams*, 39 Wis., 300, the law in regard to the appropriation of payments is somewhat considered. In this case, upon this open running account, there surely is no injustice in applying the payments made by the defendant to the extinguishment of the earlier items. When this is done, it is obvious the balance of the account does not fall within the bar of the statute.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.* — Judgment affirmed.

