Dunn, Respondent, vs. Estate of Fleming, Appellant.

*February 2 — February 19, 1889.*

*Limitation of actions: Mutual account current: Instructions to jury.*

The question whether the plaintiff's claim was " for the balance due upon a mutual and open account current " (sec. 4226, R. S.) and therefore not barred by the statute of limitations, is *held*, on defendant's appeal, to have been fairly submitted to the jury by instructions to the effect that such an account must contain credits as well as debits, that the burden of proof was upon the plaintiff, and that the jury must determine whether it was such an account and, if so, the amount due thereon.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The deceased died in the spring of 1885. The plaintiff presented a claim against his estate to the county court purporting to be based upon an account of charges against the said John Fleming, commencing March 15, 1867, and ending with July, 1884, for sundry items of cash, labor, wheat, oats, team work, etc., amounting in the aggregate to $440.25; and also credits, commencing in 1870, and continuing from time to time until the year 1884, for sundry items of cash, team work, hay, hauling lumber and potatoes, cutting oats, wool, and $20 for land in 1871, amounting in the aggregate to $40.80, leaving a balance against the estate of $399.45. The claim was rejected by the county court. Thereupon the plaintiff appealed to the circuit court. Upon the trial in that court the jury returned a verdict in favor of the plaintiff and against said estate for $470.38. From the judgment entered thereon the administrator appeals.

For the appellant there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. They contended, *inter alia*, that the mutual and open account current referred to in the statute is defined to be " accounts which are made up of matters of setoff. There must be a mutual credit founded on a subsisting debt on the other side, or an express or an implied agreement for a setoff of mutual debts." Angell on Lim. sec. 149; *Hannan v. Engelmann*, 49 Wis. 278. It must show a system of mutual dealings and of reciprocal demands between the parties. *Fitzpatrick v. Estate of Phelan*, 58 Wis. 250. Mutual accounts imply entries by each party. *Baker v. Mitchell*, 59 Me. 223. There must be some connection between the items in the account. *Belles v. Belles*, 12 N. J. Law, 339. The account must be kept with the assent of both parties.

*Hodge v. Manley*, 60 Am. Dec. 253, 25 Vt. 210; *Green v. Caldcleugh*, 28 Am. Dec. 567, 1 Dev. and Bat. Law, 320. Under these rules the court below erred in refusing to instruct the jury that it must appear that each party makes charges against the other, and that it must appear that both plaintiff and Fleming consented that there should be an account and that the items, etc., should become a matter of account.

For the respondent the cause was submitted on the brief of *James O. Raymond* and *O. H. Lamoreux*.

CASSODAY, J. It is agreed on both sides that the only question for consideration is whether the claim presented was barred by the statute of limitations. Sec. 3841, R. S. This depends upon whether it is "to recover the balance due upon a mutual and open account current" within the meaning of the statute. Sec. 4226. If the claim constituted such an account, then the cause of action "accrued at the time of the last item proved in such account." *Ibid.* As to whether it was such an account, the court charged the jury as follows: "Now, an open, that is, unsettled, and mutual account current, is an account consisting of credits as well as debits, charges and credits, between the parties. An account in which A. charges B. with a number of items extending through a considerable time, but in which B. has no credits, is not a mutual account current between the parties." This instruction seems to be in harmony with the repeated rulings of this court. *Hannan v. Engelmann*, 49 Wis. 282; *Fitzpatrick v. Estate of Phelan*, 58 Wis. 254. The court also charged the jury that: "Upon the issue thus presented the burden is upon the plaintiff to convince you that there was such open, mutual account, and if there was, then to satisfy you of the balance due him, to entitle him to recover thereon. If you shall be satisfied that such open, mutual account existed, then the plaintiff can recover, if at

all, such sum only as the evidence satisfies you was due him at the time of Mr. Fleming's death on account of transactions between the parties had within six years immediately preceding that event." These instructions put the burden of proof upon the plaintiff, and left it to the jury to find whether it was such an account and, if so, the amount due thereon. It seems to us that the question was fairly submitted to the jury, and that the evidence supports the finding that it was such an account.

These portions of the charge cover the principal exceptions relied upon. There are other exceptions to other portions of the charge, but as they are either involved in what has already been said, or are more favorable to the estate than to the plaintiff, it is unnecessary to specifically consider them.

*By the Court.*—The judgment of the circuit court is affirmed