KEHL and another, Respondents, vs. SMITH, Appellant.

*February 6 — February 23, 1894.*

*Account stated: Application of payments.*

After rendering to defendant a statement of account showing a balance due from him of $195.15, plaintiffs could not select one item of more than $200 out of those charged in the account and insist that it had not been paid for, especially when the subsequent general payments credited in the account were more than sufficient to cover all charges therein up to and including the one in question.

APPEAL from the Circuit Court for *Ashland* County.

The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiffs.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

*C. D. Tillinghast,* for the respondents.

ORTON, C. J. The plaintiffs, as a partnership, complain that on the 26th day of June, 1890, they sold and delivered to the defendant 821 29-32 bushels of oats at the agreed price of 24½ cents per bushel, on board cars at Bloomer, Wis., amounting to $201.36, to become due August 26th thereafter, and that no part thereof has been paid. The answer, besides a general denial, alleges that during the last three years the defendant at various times purchased of plaintiffs oats, grain, and other farm produce, and that before the commencement of this action he had fully satisfied and discharged the plaintiffs' claim by payment as to all the oats, grain, etc., purchased of said plaintiffs. The plaintiffs recovered the said $201.36, and interest.

The plaintiffs introduced in evidence a statement of account between the parties of their dealings in produce, as follows:

Kehl and another vs. Smith.

Bloomer, Wis., May 25, 1891.

MR. C. L. SMITH, ASHLAND, WIS.

In account with KEHL & BARCUME.

1890.

| March 5. | To 1,002 27-32 bu. oats | .....................$200 | 57 |
| April 23. | "　808 16-32 "　" | ..................... 210 | 21 |
| April 25. | "　830 25-32 "　" | ............ ........ 215 | 99 |
| May 27. | "　761 8-32 "　" | ..................... 186 | 51 |
| May 30. | "　755 14-32 "　" | ..................... 185 | 10 |

[The next entry is of the oats sued for:]

| *June 26.* | *To 821 29-32 bu. oats* .... ................. | *201* | *36* |
| Oct. 4. | " ·493 25-60 " pot. ...................... | 296 | 05 |
| Oct. 17. | " 477　　"　" ...................... | 286 | 20 |
| Nov. 29. | To 15,730 lbs. hay, $9.00,— $70.79; 74 50-60 |
| | bu. beans, $1.75,— $130.95; 25 sacks, $2.50 | 204 | 24 |
| Dec. 20. | To 566 58-60 bu. pot........................ | 442 | 23 |
| " " | " 309 sacks ............................. | 27 | 81 |

$2,456 27

Credit.

1890.

| April 26. | By cash........................................$200 | 57 |
| Jan. 15. | "　" ................................... 426 | 20 |
| Nov. 12. | "　" ................................... 257 | 62 |
| Nov. 15. | "　" ........ ..................$264 | 95 |
| " " | By frt............................. 31 | 10 |

296 05

| Dec. 18. | By cash............................. ...... 371 | 59 |
| Jan. 27. | "　" .............................,............. 250 | 00 |
| Jan. 27. | Frt. car 4,340 .......................... ........ 28 | 60 |
| Jan. 27. | "　" 2,708 ...................... ........ 34 | 02 |

1,864 65

$591 62

April 1, 1890.　By check ....:........................ 396 47

$195 15

This statement shows a balance against the defendant of $195.15. All the other vouchers and exhibits agree with this statement as to the amount of produce purchased and the price. But I find in Exhibit No. 2 a payment in cash of the date of July 30, 1890, $361.81, and in Exhibit No. 3 a payment in cash of the date of April 30, 1891, of $56.39,

that are not embraced in the credits on the statement anywhere as I can find. The dates are different from the other payments that are credited. The witness Cook does not recall this payment of $361.81, and does not testify to any of the payments from memory; and he was the manager of the business, and the one who attended to the shipping of the grain to the defendant. Mr. Cook testified that he called the attention of the defendant to that car load of oats in the fall of 1890. He felt sure that that car load had never been paid for. But afterwards, in May, 1891, he submitted that statement in which that car load was charged generally with all other charges, and most of them since June 26, 1890, and the largest part of the payments were since then. This statement, and the vouchers that could be found, are the only evidence in the case. There are only a few credits that are applicable to any particular charges. They are mostly general credits.

The defendant has the right to apply any of those subsequent payments to the liquidation of that particular charge. *Jones v. Williams*, 39 Wis. 300; *Hannan v. Engelmann*, 49 Wis. 278. The most the plaintiff can claim is that the balance of that account of $195.15 has not been paid. This action should have been for this balance. It is unfair to select one out of a large number of charges in an account rendered, and insist that that particular charge had not been paid for. The defendant had not, and most reasonably could not have had, any special memory as to whether that particular item had been paid for, any further than the application of the subsequent general payments. The effect of Cook's testimony is that he did not recollect that it ever had been paid. The most favorable view the plaintiff can take of the evidence in his favor is that the said balance of $195.15 is yet due. The court, however, instructed the jury "that, if they found for the plaintiffs, they must bring in a verdict for the amount they claimed to be their

due." That amount is the sum of $201.36, and interest. This instruction debarred the jury from finding a less amount. This was clearly erroneous.

From the manner in which the business was done, and the accounts kept and rendered, it is at least doubtful whether the plaintiffs will ever be able to prove that any balance is due. The two items of credit of $361.81 and $56.39, as shown by the vouchers, do not appear to have been embraced in the statement by the amounts or dates. The learned counsel of the respondents attempt to show that the larger amount is made up of two items of credit in the statement, but there the amount is not the same, and the dates of payment are not the same. The smaller amount is really not accounted for in any way, as far as I can see, except as a payment to be deducted from said balance.

In any event, the plaintiffs were not entitled to a verdict for the amount demanded in the complaint, if they were entitled to any verdict whatever.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.