David G. Garabrant, Jonathan Bulkley and James S. Packard, trading and doing business as Bulkley, Dunton & Company, *v.* John G. Wood and S. Edgar Trout, trading and doing business as Wood & Trout, Appellants.

*Partnership—Scope of, as between partners and strangers.*

Partners, as between each other, are bound by the terms of their articles of copartnership ; as between themselves and outside parties, they are bound by whatever representations they jointly make as to the scope of their business or the purpose, character and composition of the firm.

*Partnership—Scope of business—Implied authority of partner.*

It is the law of business that a manufacturer of any particular line of products is also a dealer in that product and that in the course of business he may be compelled from various causes to become a purchaser of the material manufactured by him. When a partnership does so purchase it

follows that its purchases are within the scope of its line of business and the firm will be responsible for orders so given in the name of the firm.

*Appeals—Review—Conclusiveness of referee's findings.*

The affirmance of the court below of a referee's findings of fact is generally as conclusive upon the appellate court as the verdict of a jury.

*Evidence—Book entries—Proof of.*

An original book entry in a shop book when the entry is in the handwriting of the clerk must be proved by him if he is within the jurisdiction of the court. If he is beyond the power of the court his handwriting may be proved.

Argued Jan. 11, 1897. Appeal, No. 20, Jan. T., 1897, by defendants, from judgment of C. P. Luzerne Co., Feb. T., 1894, No. 276, confirming the findings of referee and dismissing exceptions thereto. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on book account, Before LYNCH, J.

The case came up on exceptions to report of F. W. Wheaton, Esq., referee, who found for the plaintiffs for the amount of their claim $759, with interest from February 1, 1894.

The court below dismissed the exceptions to the referee's report.

The facts are sufficiently set out in the opinion of the Superior Court.

*Errors assigned* among others, were, (2) in overruling the second exception to the rulings and findings of the learned referee, which exception and ruling were as follows : " 2. The learned referee erred in overruling Mr. Butler's objection to witness Garabrant reading certain book entries, the objection being : Mr. Butler objects to the witness reading these entries, as being incompetent and irrelevant, because the entries were made in the handwriting of the invoice clerk, who is now in the employ of the plaintiff firm, and who is not present to testify and has not been sworn, his deposition has not been taken, nor commission issued." By Mr. Butler : " Were you present when the charge on the order book was made ? A. I can't absolutely say whether I was or not, at this distance ; if I was home to look up something to enable me to say—Q. Were you present when the entries on the sale book, pages 148 and 218 were made ?

Were you present and saw the clerk make these entries? A. Same answer would apply as to previous question; they were both made at the same time."

" Q. Of course if you were not present you don't know. You suppose they were made; what is your own knowledge? A. I can't say that I saw them being entered, but I know that is the clerk's handwriting. I know that these are the transactions of that day, and they must have been made in the regular course." The referee says: " It appearing to the referee that the invoice clerk was the regular clerk to make these entries, and that the sales book was the regular book in which the entries should be made, as testified to by the witness, and that the invoice clerk is in New York, beyond the jurisdiction of the common pleas of Luzerne county; and it further appearing by the testimony of the witness that the charges he proposes to testify to as entered upon the designated pages of the sales book were entered simultaneously with the red ink entry in the order book which the witness testifies was entered at the same time as the entry to the Ravenswood Paper Company,—the referee thinks that the evidence is competent and it is therefore admitted. The objection is therefore overruled and bill sealed." (6) To the referee's finding of fact as follows: " The referee finds as a matter of fact that the purchase was in accordance with and within the scope of the partnership business and interest of the defendant firm." (10) In declining to find as requested by defendant in his eighth request: " That there was no contract by the defendant firm, nor was there any other reason whereby there arose any necessity whatever for the defendant firm to purchase the 390 rolls 9-ounce hanging paper sued for by the plaintiff." The referee declines to so find. (13) In the referee's finding of the fourth request of the defendant as matter of law: " That there is not sufficient proof in the case at bar establishing that the transaction upon which plaintiffs' suit rests was reasonably necessary or fit for the successful prosecution of defendant's business."

The referee declines to find as requested in this paragraph, and on the contrary, holds that there was under the evidence a reasonable necessity entitling the defendant firm to enter into the contract which it admittedly did with the plaintiffs, whereby it might be bound for the goods so contracted for and deliv-

ered. (15) In the referee's finding on the sixth request of the defendant: " 6. That the articles of agreement of defendants' partnership did not or do not specially authorize either partner to make the transaction in dispute."

The referee declines to find as requested in this paragraph; but says that, on the contrary, there is sufficient authority in the articles of agreement between the defendants whereby their partnership was constituted, to authorize S. Edgar Trout, therein described as the purchasing agent of said partnership, to enter into and to bind the partnership for all such matters and things as might be bought by him within the scope of the partnership business. ·(16) In the referee's finding and answer to the defendant's ninth request on the law: " 9. That authority is not conferred upon any partner of a firm organized and formed by articles of agreement in writing for the exclusive business of manufacturing and vending that manufactured product, to purchase such manufactured product from a third party upon the credit of the firm and bind his copartners."

And which answer of the learned referee is as follows :

" In the general manner in which this request is made the referee declines to find as requested, and on the contrary, finds that even if the copartnership articles confined the partners to the exclusive business of manufacturing and vending the manufacturing product, there might be circumstances by virtue of which one partner, properly being at the time of the transaction by virtue of the articles of copartnership the purchasing partner of the firm, might bind such a firm by a contract under which he purchased the manufactured article." (17) In declining to find as requested in the defendant's tenth request: " That it is not within the scope of the business of a partnership founded for the business or trade of manufacturing exclusively an article, to purchase from another manufacturer or dealer the same article on credit and bind his copartners. Referee declines to find as requested in this paragraph."

*Edmund G. Butler*, for appellants.—Unless the special authority is known Trout was without authority to bind the firm : Walcott v. Canfield, 3 Conn. 194 ; Porter v. Wilson, 13 Pa. 641 ; Hoskinson v. Eliot, 62 Pa. 393.

It was error for the referee and the court below to find as a

matter of fact that the bargain made by Mr. Trout was in accordance with and within the scope of the partnership business, and to support this by a similar finding as matter of law : 17 Am. & Eng. Ency. of Law, 989 et seq.; Irwin v. Williar, 110 U. S. Reports, 499 ; Robert's Appeal, 92 Pa. 407 ; Babcock v. Stewart, 58 Pa. 179.

A firm cannot be bound by an untrue statement of a partner as to the nature and extent of the business : Lindley on Partnership, 252, 253 ; Story on Partnership, sec. 112, ed. 1850.

If a person who makes a book entry is alive it is necessary to produce him : Bank v. Whitehill, 16 S. & R. 89.

*Isaac P. Hand*, with him *Joseph Moore*, for appellee.—The affirmance of a referee's report by the court below settled beyond dispute all questions of fact: Phila. v. Linard, 97 Pa. 250.

The second assignment of error cannot be sustained under the authority of Sterrett v. Bull, 1 Binn. 234 ; Hay v. Kramer, 2 W. & S. 137.

Mr. Trout was a member of the firm and as such has the authority and power to bind his copartner by acts done within the scope of the partnership, or bind the firm by any contract necessary to carry out the purpose for which the partnership was formed : Fund Society v. Savings Bank, 36 Pa. 498 ; Kenney v. Altvater, 77 Pa. 34; Clark v. Johnson, 90 Pa. 442; Rice v. Jackson, 171 Pa. 89.

The criterion, either for action or defense, is not whether the party contracting had knowledge of the partnership, but whether the contract was with the partnership ; and if the subject be within the scope of its business, this will be presumed until the contrary is established: Alexander v. McGinn, 3 Watts, 220 ; Livingston v. Cox, 6 Pa. 360 ; Purdy v. Powers, 6 Pa. 492 ; in all partnerships, whether trading or nontrading, there is an implied power in each partner to bind the firm by any contract necessary to carry out the purpose for which the partnership was formed, notwithstanding secret limitations upon the powers of the partners in the partnership article : Rice v. Jackson, 171 Pa. 89.

OPINION BY REEDER, J., April 12, 1897 :

This case was tried under the act of 1869 and its supplements by a referee agreed upon by the parties and without a jury.

The question for us to determine is whether the contract made by Trout with the plaintiffs "for hanging paper" was within the line of business conducted by the defendants so that the partnership was bound by contracts in the firm name made by either of the partners. There is a distinction in the liability of members of a firm as affecting their accounts between each other and their liability with parties from whom they obtain credit or transact business. As between each other they are bound by the terms of their articles of copartnership, as between themselves and outside parties they are bound by whatever representations they jointly make as to the scope of their business or the purposes, character and composition of the firm. This thought runs through the entire findings and discussions thereon of the learned referee in the court below. By the articles of copartnership, the business of the firm was "The manufacturing of paper and vending the same." Mr. Trout was a member of the firm, and had full authority to bind the firm by any contract, which was within the scope of the partnership business. The defendants had letter heads printed advertising themselves as "manufacturers of Chemical Manilla Hanging and Wrapping papers." Trout called upon the plaintiffs and handed them a card containing the name of the firm and advertising the firm as "manufacturers and dealers in chemical fibre and hanging papers." If these letter heads and business cards were used by the consent or with the knowledge of Wood of course he would be bound by any purchases Trout might make of any such paper. But Wood denies that they were used with his knowledge "at that time." What this qualification of this denial means, it is impossible for us to determine for it is not discussed at all by the referee nor is there any finding of fact by him in relation to the uses of their letter heads or business cards. For the purposes of this decision however it is not necessary for us to consider it. It is a law of business that a manufacturer of any particular line of products is also a dealer in that product, and that in the course of his business he is frequently compelled by a multitude of orders which is beyond his capacity or by derangement of machinery or from other causes to become purchasers of the material they manufacture. That when firms do so purchase, such purchases are within the scope of their line of business cannot successfully be contested.

In this case one of the members of the defendant firm went to the place of business of the plaintiffs and represented that they had orders for hanging paper which they were unprepared to fill, that owing to delay in getting in machinery to manufacture hanging paper they would have to purchase the paper from some other dealer or manufacturer. The order was accepted and the plaintiffs were ordered to ship the paper on the defendants' account to the Long Island Wall Paper Co., at Ravenswood, Long Island. This was done and this suit is for the recovery of the value of the paper so shipped by them. This was within the scope of the partnership business as advertised by the firm and they were responsible for the account. When the order for this paper was received by Wood & Trout they endeavored to manufacture it. The paper they made was defective and did not give satisfaction to their customers. Trout then went to the Long Island Paper Co., from whom they had an order and told them the paper would be finished within a certain time. He then came home and told Wood that he would have to buy the paper and he said it was all right and after that, the paper was purchased from the plaintiff copartnership. After the purchase Trout says he told Wood of the purchase and he said " we will make arrangements to pay the bill." Wood denies this and says the purchase was made without his knowledge. This raises a question of credibility which the referee has practically decided in favor of the plaintiffs, first by his finding for them for the amount of their bill. Again by his refusal to find as requested by the defendant in his fifth request. The assignment of error as to the other findings of facts we cannot consider. The affirmance by the court below of the referee's finding of facts is generally as conclusive as the verdict of a jury upon the facts : Thornton v. Ins. Co., 71 Pa. 234 ; City of Phila. v. Linnard, 97 Pa. 250. The second assignment of error cannot be sustained under the authority of Sterrett v. Bull, 1 Binn. 234 ; Hay v. Kramer, 2 W. & S. 137. There is no error that we can find in the record, and all the assignments of error must be overruled.

Judgment affirmed.