Estate of Reinke : Miller, Claimant, Respondent, vs.
Beyer, Executor, Appellant.

*May 20—June 22, 1946.*

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton.*

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman.*

FRITZ, J.  The claimant, Carolyn Miller, was a daughter of the decedent, Charles F. Reinke, who died on March 5, 1945.  The services, for the payment of which she filed a claim for $900, were performed,—according to her testimony and as the court found,—pursuant to an agreement that while she lived at decedent's home from August 17, 1937, to May 20, 1938, she was to perform housework, nursing services, and other work in and about his home and farm for the agreed compensation of $100 per month.  And the court also found that the estate is entitled to an offset for the reasonable value of her board and room in the amount of $60 per month; and that the services rendered extended over a period of nine months, leaving a balance of $360 due claimant at the rate of $40 per month for the period.  In relation to her claim for moneys advanced to decedent, the court found that the total amount of her advancements was $509.58 and that against this amount he made one payment of $125 to claimant, which left unpaid a balance of $384.58.

No services were performed and no advancements of money were made by claimant after May 20, 1938; and the payment of $125 to claimant was made in September, 1939.  No credit for that payment of $125 was allowed by claimant in filing her claim of $900 for services.  She stated on November 25, 1940, in a letter to her father that nothing had been paid for her services; and on the trial she testified in relation to the payment of $125,—"I applied that on the other account;" and in conformity with this testimony the court found that the $125 payment was against the advancements of $509.58.

The executor objected to the allowance of both claims on the ground that recovery was barred by sec. 330.19 (3) of the statute of limitations because none of the services were rendered or advancements of money were made after May 20, 1938, which was more than six years prior to decedent's death on March 5, 1945. In relation to that objection claimant contends that by reason of the deceased's payment to her of the sum of $125 in September, 1939, her right to recover the balances owing would not become barred until six years after the date of that payment, in view of the provision in sec. 330.25, Stats., that,—

"In actions brought to recover the balance due upon a mutual and open account current the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

On the other hand, the executor contends that the one payment of $125 in September, 1939, did not render that provision in sec. 330.25, Stats., applicable to either the claim for services or for moneys advanced because this statute is applicable only in cases of "mutual" accounts; and that unless an account is of that character, the statute runs against the several items as they accrue and not from the date of the last item entered in the account. This contention on behalf of the executor must be sustained.

In *Fitzpatrick v. Estate of Martin Phelan,* 58 Wis. 250, 16 N. W. 606, the claim upon which recovery was sought was for a total of $2,047.25 for care and attendance as a nurse for successive periods and for board, lodging, and room, for farm and other labor, and for board and keeping friends of deceased at the time of his funeral. As a credit there was but one item, "By cash Aug. 12, 1880, $20." Thus, as in the case now at bar, there were several charges against the decedent for successive periods; but, as here, the account was wholly one-sided except for the single cash payment of $20 made on August 12, 1880. Consequently, this court held that the statute of limita-

tions ran against each item from the date the charge was incurred and not from the date of that cash payment. The court said (p. 254):

"We are also of the opinion that the claim here made is not 'to recover the balance due upon a mutual and open account current,' within the meaning of sec. 4226, R. S. The account upon which the claim is based does not 'show a system of mutual dealings and of reciprocal demands between the parties,' as in *Hannan v. Engelmann,* 49 Wis. 278, 282. Where the items in the account are all charged against the one party and in favor of the other, as here, it is not a mutual account. It lacks the very element essential to make it such—mutuality. Angell on Lim. secs. 148–9. The claim presented, not being a mutual account, does not come within 'the rule that items within six years draw after them other items beyond that period,' for that rule is 'strictly confined to mutual accounts.' Ibid. See, also, *Butler v. Kirby,* 53 Wis. 188, and cases there cited. It follows that so much of the account as accrued prior to December, 1874, was barred by the third subdivision of sec. 4222, R. S."

In discussing the rule in question and its application and limitations, this court said in *Hannan v. Engelmann* (cited in the preceding quotation) as follows (p. 282):

"Says Mr. Angell, in his work on Limitations: 'The rule that items within six years draw after them other items beyond that period, is by all the cases strictly confined to mutual accounts, or accounts between two parties which show a reciprocity of dealing.' Section 148. Again he says: 'Mutual accounts are made up of matters of setoff. There must be a mutual credit, founded on a subsisting debt on the other side, or an express or an implied agreement for a setoff of mutual debts.' Section 149. See, also, *Prenatt v. Runyon,* 12 Ind. 174; *Moser v. Crooks,* 32 Iowa, 72; *Dyer v. Walker,* 51 Maine, 104; *Norton v. Larco,* 30 Cal. 126; *Peck v. N. Y., etc., S. S. Co.* 5 Bosw. 226. This is not a case where the items in the account are all on one side, no element of mutuality existing except such as partial payments create. But the evi-

dence shows that there have been mutual dealing and mutual credits between the parties, which bring the account within the exception in the statute."

To the same effect see *Dunn v. Estate of Fleming,* 73 Wis. 545, 547, 41 N. W. 707, and cases cited in the notation in 1 A. L. R. 1068, that,—

"According to the weight of authority, the mere payment of money upon an account does not have the effect to render the account mutual, but operates simply as a reduction *pro tanto* of the claim. As said in *Green v. Disbrow* (1879), 79 N. Y. 1, 35 Am. Rep. 496, 'The payments do not, in such case, enter into the account. They are at once applied and reduce the account." See also 39 A. L. R. 372; 57 A. L. R. 203.

It follows that the accrual of the causes of action to recover on the indebtedness for the moneys advanced, and to recover for services rendered, cannot be deemed deferred under sec. 330.25, Stats., to the time of the payment of $125 in September, 1939; and consequently the right to recover on the claims in question became barred under sec. 330.19 (3), Stats., upon the expiration of the six years' period after the advancements were made or services were rendered up to May 20, 1938; and as that six years' period had expired prior to decedent's death on March 5, 1945, the judgment under review must be reversed with directions to enter judgment denying recovery of the claims.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.